E.I. du PONT de NEMOURS & COMPA-
NY, a corporation of the State of Dela-
ware, Plaintiff Below, Appellant,

v.

ALLSTATE INSURANCE COMPANY, As
Successor to Northbrook Excess and
Surplus Insurance Company, Formerly
Northbrook Insurance Company; Com-
mercial Union Insurance Company, as
Successor to Employers Surplus Lines
Insurance Company; the Employers' Li-
ability Assurance Corporation Ltd.; Eu-
ropean General Reinsurance Company;
Gerling Konzern Allegemaine Versi-
cherungs Acktiengesellschaft; Swiss Re-
insurance Co., Ltd., Home Insurance
Company, The Home Insurance Co., De-
fendants Below, Appellees.

No. 435, 1995.

Supreme Court of Delaware.

Submitted: March 4, 1997.

Decided: May 30, 1997.

Revised: June 4, 1997.

See also 686 A.2d 152, 686 A.2d 1015.

Charles S. Crompton, Jr., and Richard L. Horwitz, of Potter, Anderson & Corroon, and Richard Allen Paul, and Erin Kelly, of E.I. du Pont de Nemours & Company, Wilmington; Peter J. Kalis, Michael J. Lynch, and Carolyn M. Branthoover, of Kirkpatrick & Lockhart, L.L.P., Pittsburgh, Pennsylvania, of counsel, for Appellant.

Robert J. Katzenstein, and Laurence V. Cronin, of Smith, Katzenstein & Furlow, Wilmington, for Appellee Allstate Insurance Company.

Henry E. Gallagher, Jr., of Connolly, Bove, Lodge & Hutz, Wilmington; James A.A. Pabarue, Ralph J. Luongo, and Susan K. Keyack, of Christie, Pabarue, Mortensen and Young, Philadelphia, Pennsylvania, of counsel, for Appellees Commercial Union Insurance Company, as successor to Employers' Surplus Lines Insurance Company, and the Employers' Liability Assurance Corporation, Ltd.

Richard K. Herrmann, and Mary B. Matterer, of Stradley, Ronon, Stevens & Young, Wilmington, for Appellees European General Reinsurance Company, Gerling Konzern Allegemain Versicherungs Acktiengesellschaft, and Swiss Reinsurance Company, Ltd.

Carmella P. Keener, of Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington; Stephen A. Fennell, and Steven J. Barber, of Steptoe & Johnson, L.L.P., Washington, D.C., of counsel, for Appellees the Home Insurance Company.

Michael B. Keehan, James F. Davis, and Vera M. Holmes, of Hercules Incorporated, Wilmington; Jerold Oshinsky, Mark H. Kolman, and Kent T. Withycombe, of Dickstein Shapiro Moriu & Oshinsky, Washington, D.C., of counsel, for Amicus Curiae Hercules Incorporated.

Francis J. Murphy, and Jonathan L. Parshall, of Murphy Welch & Spadaro, Wilmington; John G. McAndrews, and Dean J. Vigliano, of Mendes & Mount, L.L.P., New York City, of counsel for Amicus Curiae London Market Insurers.

Clifford B. Hearn, Jr., of Clifford B. Hearn, Jr., P.A., Wilmington; Edward Zampino, of Cozen and O'Connor, New York City, of counsel, for Amicus Curiae the American Insurance Association.

C. Scott Reese, of Cooch and Taylor, Wilmington, for Amicus Curiae Insurance Environmental Litigation Association.

Robert S. Kuehl, Deputy Attorney General, Wilmington, Delaware, for Amicus Curiae State of Delaware.

Before VEASEY, C.J., and WALSH and BERGER, JJ.

BERGER, Justice:

This is an appeal over the proper construction of pollution exclusion provisions in general liability insurance policies issued to E.I. du Pont de Nemours and Company. The Superior Court held that pollution claims against DuPont at specified sites are excluded from coverage because the discharges of pollutants were not "sudden," "accidental," or "unintended and unexpected." We agree with the Superior Court's analysis and conclusions.

## I. BACKGROUND

The trial court interpreted two provisions—the ISO and NMA 1685, which generally exclude from coverage claims against DuPont for personal injury or property damage arising from environmental pollution. The parties' dispute centers upon the meaning of certain exceptions to the pollution exclusions. The ISO provision states that the pollution exclusion does not apply if the "discharge, dispersal, release or escape is sudden and accidental."[1] The NMA 1685 similarly excepts damages caused by a "sudden, unintended and unexpected happening."[2] The Superior Court interpreted the

---

1. *E.I. du Pont de Nemours and Co. v. Admiral Ins. Co.*, Del.Super., C.A. No. 89C–AU–99, Steele, V.C., 1995 WL 562256 (Aug. 23, 1995) (Mem. Op. at 11) (*"du Pont"*).

2. *Id.* at 10.

word "sudden" in both provisions as meaning abrupt.

DuPont raises several issues on appeal. First, it contends that the Superior Court failed to apply appropriate rules of contract construction. Second, the trial court refused to consider extrinsic evidence in construing the term "sudden" and it incorrectly concluded that "sudden" includes a temporal element. DuPont also argues that the Superior Court misinterpreted the term "happening," in the NMA 1685 provision, and several terms in the ISO provision. Finally, DuPont faults the trial court for failing to consider the pollution exclusions in light of their regulatory history.

Upon initial review of this appeal, this Court remanded to give the Superior Court an opportunity to consider its regulatory estoppel ruling in light of the State's *amicus curiae* arguments on appeal. The trial court also was directed to consider the continuing relevance of the ISO exclusion given that DuPont now has settled its claims against those insurers that used ISO provisions in their policies. In response to the remand, the Superior Court found no basis on which to revise its original opinion on the issue of regulatory estoppel. The court also decided that the ISO exclusion has no continuing relevance in light of the settlement.[3]

## II.  BURDEN OF PROOF

■ We review *de novo* this appeal from the trial court's grant of summary judgment.[4] We find that the trial court correctly determined that DuPont had the burden of proving that it was entitled to coverage. As the Superior Court noted, the majority rule is that a policyholder seeking coverage under an exception to a policy exclusion bears the burden of proving its entitlement.[5]

## III.  CONTRACT CONSTRUCTION

■ The Superior Court also was correct in its application of the rules of contract construction. The court determined that the term "sudden," as used in the NMA 1685 provision, clearly and unambiguously includes a temporal element synonymous with "abrupt."[6] Extrinsic evidence is not used to interpret contract language where that language is "plain and clear on its face."[7] Contract language is not ambiguous simply because the parties disagree on its meaning. "Rather, a contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings."[8] The Superior Court held that the term "sudden" in context has only one meaning—abrupt. We agree with the trial court's analysis of the ambiguity issue and its conclusion as to the meaning of the term "sudden."[9]

■ We also agree with the Superior Court's interpretation of the term "happening," as unambiguously referring to initial discharges of pollution:

> The exception to the exclusion applies if the "seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening." This phrase is clear and unambiguous—a sudden, unintended and unexpected happening must cause the seepage, pollution or contamination for the exception to the exclusion to apply. The term "happening" is necessarily broad, taking into account a wide range of events. The plain meaning of "happening" is not confined to contaminants known at the

3.  *E.I. du Pont de Nemours and Co. v. Admiral Ins. Co.*, Del.Super., C.A. No. 89C–AU–99, Steele, V.C., 1996 WL 769627 (Dec. 24, 1996) (Mem. Op.). We agree and will not address the ISO arguments.

4.  *Bershad v. Curtiss-Wright Corp.*, Del.Supr., 535 A.2d 840, 844 (1987).

5.  *See du Pont* at 14–15 and cases cited therein.

6.  *See also Northville Indus. Corp. v. National Union Fire Ins. Co.*, 89 N.Y.2d 621, 657 N.Y.S.2d 564, 679 N.E.2d 1044 (1997).

7.  *City Investing Co. Liquidating Trust v. Continental Cas. Co.*, Del.Supr., 624 A.2d 1191, 1198 (1993).

8.  *Rhone–Poulenc Basic Chems. Co. v. American Motorists Ins. Co.*, Del.Supr., 616 A.2d 1192, 1196 (1992).

9.  *See du Pont* at 28–38.

time the London market drafted NMA 1685. However, the phrase's adjectives "sudden, unexpected and unintended" and the phrase's verbal clause "is caused by" limits the term "happening" to the originating causative act of the pollution. In essence, the term "happening" is the cause and the "seepage, pollution or contamination" is the effect. The term "happening" does not refer to the damage, or effect, occurring after the causative act. Therefore, when reading the clause in its entirety, the only reasonable interpretation of the term "happening" is to focus on the initial discharge into the environment.[10]

## IV. REGULATORY ESTOPPEL

Finally, we conclude that the Superior Court was correct in holding that the insurers are not subject to any regulatory estoppel. Other jurisdictions have held that, notwithstanding the literal terms of an insurance contract, insurers are estopped from interpreting the contract language in a manner inconsistent with prior representations made to insurance regulators.[11] The Superior Court rejected regulatory estoppel in its original opinion and, after remand, concluded that there was no reason to alter its decision. We agree. First, no representations were made to Delaware insurance regulators concerning the application and interpretation of the NMA 1685 provision. Second, regulatory estoppel is inapplicable where, as here, the contract language is clear and unambiguous.[12] Further, we agree with the Superior Court that the public policy rationale for adopting the theory of regulatory estoppel, as advanced by the State in its *amicus* brief, is unpersuasive. The possibility that the State will have to pay for environmental clean-up if polluters are not covered by insurance is not a valid reason for rewriting or otherwise avoiding the clear terms of a contract.

## V. CONCLUSION

Based on the foregoing, the judgment of the Superior Court is affirmed.

**10.** *du Pont* at 43–44.

**11.** *Morton Int'l, Inc. v. General Accident Ins. Co. of America,* 134 N.J. 1, 629 A.2d 831, 872–76 (1993), *cert. denied,* 512 U.S. 1245, 114 S.Ct. 2764, 129 L.Ed.2d 878 (1994); *Joy Techs., Inc. v. Liberty Mut. Ins. Co.,* 187 W.Va. 742, 421 S.E.2d 493 (1992).

**12.** *See Federated Mut. Ins. Co. v. Botkin Grain Co.,* 10th Cir., 64 F.3d 537 (1995); *Transamerica Ins. Co. v. Duro Bag Mfg. Co.,* 6th Cir., 50 F.3d 370 (1995); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 7th Cir., 40 F.3d 146 (1994).