DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CORPORATE CREATIONS INTERNATIONAL, INC.** and
**CORPORATE CREATIONS NETWORK, INC.**,
Appellants,

v.

**MARRIOTT INTERNATIONAL, INC.**,
Appellee.

No. 4D18-2614

[July 10, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 502018CA002023XXXXMB.

Albert L. Frevola, Jr., of The Frevola Law Firm, PLLC, Pompano Beach, for appellants.

Jennifer N. Hernandez and Wilfredo A. Rodriguez of Avila Rodriguez, Hernandez Mena & Ferri, LLP, Coral Gables, for appellee.

KUNTZ, J.

In this appeal, we determine whether the termination provision in a contract was ambiguous. The circuit court found the language unambiguous and entered final summary judgment for Marriott International. The provision allowed both Marriott and the plaintiffs, Corporate Creations,[1] the right to "terminate the Agreement with or without cause and without liability," and to do so "during this term, and any renewal." Based on the plain language of the contract, we agree that the language is unambiguous and affirm the circuit court's judgment.

---

[1] There are two appellants, Corporate Creations International, Inc. and Corporate Creations Network, Inc. For purposes of this opinion we refer to the two entities jointly as Corporate Creations.

## *Background*

Corporate Creations provides registered agent services and corporate document filing and retrieval services. Corporate Creations contacted Marriott, seeking to provide these services to it. After discussions, Corporate Creations sent Marriott a proposed contract.

Marriott changed the proposed contract and, after Corporate Creations accepted the proposed changes, the parties ultimately signed the contract. Based on the contract, Corporate Creations agreed to provide Marriott with the described services for an initial seven-year term.

The contract included the following termination provision:

> **7) <u>Term and Renewal.</u>** The term of this Agreement shall be for a period of seven (7) years from the effective date and thereafter shall be subject to automatic annual renewal unless either party elects to terminate the Agreement, by notice in writing. During this term, and any renewal thereof, either party may terminate this Agreement with or without cause and without liability, by providing written notice of termination to the other party at least ninety (90) calendar days prior to the renewal date.

After five years of the initial seven-year term, Marriott relied on this provision and terminated the entire contract. Marriott's termination, according to Marriott, was effective immediately.

Corporate Creations filed a complaint against Marriott, alleging breach of contract. Corporate Creations did not dispute that Marriott gave notice of termination more than ninety calendar days before the March 12, 2019 renewal date. Instead, Corporate Creations argued Marriott terminated the automatic renewal of future terms but did not terminate the contract during the initial seven-year term.

Marriott moved for summary judgment, arguing the contract unambiguously allowed it to terminate the contract during the initial seven-year term. Corporate Creations filed an affidavit in response, arguing Marriott's interpretation would render portions of the termination provision mere surplusage. Corporate Creations also provided the language it first proposed during contract negotiations and the amendments Marriott proposed that became part of the contract.

The original language Corporate Creations proposed stated:

2

7. Term and Renewal. The term of this agreement will be for seven (7) years and this agreement will renew automatically unless either party provides written notice of termination to the other party at least ninety (90) calendar days prior to the renewal date.

In response, Marriott proposed the termination provision language that ultimately became a part of the signed contract. But the circuit court found the contract to be unambiguous and did not consider the parol evidence submitted by Corporate Creations.

The court later entered an order in Marriott's favor, finding that "the contract clearly and unambiguously permits the parties to terminate the contract, with or without liability, and with or without cause, by providing written notice within a certain timeframe." The court also found that the "parties agree that [Marriott] properly and timely provided the written notice." Based on these findings, the court entered judgment for Marriott.

### *Analysis*

Corporate Creations appeals the court's judgment and argues the court erred when it found the contract to be unambiguous. We affirm.

We review the summary judgment order de novo. *See Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).[2] Summary judgment should be granted only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 130 (citation omitted).

We also review a court's interpretation of a contract de novo. *Blok Builders, LLC v. Katryniok*, 245 So. 3d 779, 782 (Fla. 4th DCA 2018) (citation omitted).

And our "analysis starts with the language" of the contract. *Twin City Fire Ins. Co. v. Del. Racing Ass'n*, 840 A.2d 624, 628 (Del. 2003); *see also Sunline Commercial Carriers, Inc. v. CITGO Petroleum Corp.*, 206 A.3d 836,

---

[2] The contract includes a choice of law provision that states it is governed by Delaware law. When applying a choice of law provision, we apply Florida law to matters of procedure and the foreign law to the substance of the case. *Schein v. Ernst & Young, LLP*, 77 So. 3d 827, 830 n.2 (Fla. 4th DCA 2012) (quoting *Siegel v. Novak*, 920 So. 2d 89, 93 (Fla. 4th DCA 2006)).

846 (Del. 2019) ("Delaware courts start with the text." (citation omitted)). And "[w]hen the contract is clear and unambiguous, we will give effect to the plain-meaning of the contract's terms and provisions." *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159–60 (Del. 2010) (citation omitted).

Similarly, in Florida, "[w]hen a contract is clear and unambiguous, the court is required to enforce the contract according to its plain meaning." *Feldman v. Kritch*, 824 So. 2d 274, 277 (Fla. 4th DCA 2002) (citation omitted). Florida courts often state that "[i]n construing the language of a contract, courts are to be mindful that 'the goal is to arrive at a reasonable interpretation of the text . . . .'" *Murley v. Wiedamann*, 25 So. 3d 27, 29 (Fla. 2d DCA 2009) (quoting *Taylor v. Taylor*, 1 So. 3d 348, 350 (Fla. 1st DCA 2009)). But when the language of the contract is clear and unambiguous, there is no need to arrive at a reasonable interpretation. Instead, we must apply the text as written. *See, e.g., Hurt v. Leatherby Ins. Co.*, 380 So. 2d 432, 433 (Fla. 1980) (When contractual "language is clear and unambiguous, the courts cannot indulge in construction or interpretation of its plain meaning." (citation omitted)).

Only if "reasonable minds could differ as to the contract's meaning" does the court "consider admissible extrinsic evidence." *GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 783 (Del. 2012) (citation omitted); *see also E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 693 A.2d 1059, 1061 (Del. 1997).

Here, the plain language of the contract is unambiguous. As a result, the circuit court correctly declined to consider the extrinsic evidence submitted by Corporate Creations. In reaching this conclusion, we separate the two sentences in the relevant contractual provision:

> **Sentence 1**: The term of this Agreement shall be for a period of seven (7) years from the effective date and thereafter shall be subject to automatic annual renewal unless either party elects to terminate the Agreement, by notice in writing.

> **Sentence 2**: During this term, and any renewal thereof, either party may terminate this Agreement with or without cause and without liability, by providing written notice of termination to the other party at least ninety (90) calendar days prior to the renewal date.

The plain language of the first sentence is clear that the contract was for an initial seven-year term, and could be thereafter annually renewed, "unless either party elects to terminate the Agreement." The language does

4

not explicitly limit termination to the time of renewal.  The language of the second sentence is more explicit—it allows either party to terminate the agreement "with or without cause" at any time during the initial term or any later term.  Neither sentence limits termination to a later term; instead, they both allow either party to terminate the entire agreement "[d]uring this term, and any renewal thereof."

The language of the contract is clear and unambiguous.  As a result, as the circuit court did, we must apply the language as written.

### Conclusion

The circuit court's final summary judgment is affirmed in all respects.[3]

*Affirmed.*

WARNER and FORST, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] We affirm the second issue raised on appeal without discussion.