723 So.2d 883 (1998)
David OLIVE, Appellant,
v.
TAMPA EDUCATIONAL CABLE CONSORTIUM, Appellee.
No. 97-04940.
District Court of Appeal of Florida, Second District.
December 23, 1998.
Thomas W. Dickson and Luis A. Cabassa of Fechter & Dickson, P.A., Tampa, for Appellant.
William E. Sizemore and Charles J. Thomas of Thompson, Sizemore & Gonzalez, P.A., Tampa, for Appellee.
QUINCE, Judge.
This case arises out of David Olive's suit for breach of contract. The trial court determined, based on parol evidence surrounding the negotiation process, that there was no contract because the agreement letter did not have a definite term and lacked mutual assent. We find this decision to be in error and reverse.
Olive began working for the Tampa Educational Cable Consortium (TECC) as an independent contractor in the late 1980's. As part of his services, Olive aided TECC in locating and purchasing a new facility to house TECC's operations. Thereafter, TECC sought to have Olive manage the transfer of its operations. At this time, Olive drafted a letter memorializing the terms of his employment and presented it to TECC. This contract provided that Olive would be employed for a definite period and identified Olive as TECC's employee. TECC rejected the first agreement on the ground that Olive was not a TECC employee, and Olive revised and resubmitted the agreement to TECC for its reconsideration. TECC agreed to the contract as revised, and the company's executive director, Ann Flynn, executed the agreement on TECC's behalf. Under the revised agreement Olive was to receive $1700 per month, based on a thirty-four hour work week, to manage the design and renovation of TECC's new facility and the relocation of TECC's operations. The agreement also stated that TECC had allocated funds to compensate Olive through 1993, and if the current project was completed before the end *884 of 1993, it would keep him on for other projects.
TECC argues that Olive's letter was not intended to be an employment agreement. Rather, TECC says the letter was intended to provide Olive with evidence of his employment in order that he could obtain a bank loan. Olive maintains the agreement was intended to provide him with greater employment stability and assurance.
Our review of the letter convinces us that it is an employment agreement for a definite term and is unambiguous on its face. The letter provides, in pertinent part, the amount to be paid per month, the number of hours to be worked per month and the duration of the agreement. This evidence establishes the terms of the contract. See Maines v. Davis, 491 So.2d 1233 (Fla. 1st DCA 1986). The parties both agreed that Olive would continue to work for TECC to complete the renovation of the new facility and the relocation of the offices. We recognize that mutual assent is vital to the existence of a contract, State v. Family Bank of Hallandale, 623 So.2d 474 (Fla.1993), and believe that this evidence demonstrates mutual assent by the parties to these essential terms. Thus, the letter between the parties constitutes a valid, enforceable agreement.
Since the agreement is unambiguous the trial court's resort to parol evidence, which included TECC's opinions about Olive's intentions in drafting the agreement and TECC's interpretation of the agreement, was erroneous. See Emergency Associates of Tampa v. Sassano, 664 So.2d 1000 (Fla. 2d DCA 1995); Sears v. James Talcott, Inc., 174 So.2d 776 (Fla. 2d DCA 1965) (The parol evidence rule serves as a shield to protect a valid, complete and unambiguous written instrument from any verbal assault that would contradict, add to, or subtract from it, or affect its construction.); see also, F.M.W. Properties, Inc. v. Peoples First Fin. Sav. & Loan Ass'n, 606 So.2d 372 (Fla. 1st DCA 1992). We, therefore, reverse the judgment entered in TECC's favor and remand for further proceedings consistent with this opinion.
FRANK, A.C.J., and GREEN, J., Concur.