911 So.2d 794 (2005)
ESSEX INSURANCE COMPANY, Appellant,
v.
Fred SIMPLER and Loretta M. Burton, Appellees.
No. 1D04-135.
District Court of Appeal of Florida, First District.
December 29, 2004.
Rehearing Denied February 8, 2005.
Carol A. Fenello of Law Offices of Clinton D. Flagg, Miami, for Appellant.
Harry E. Barr and Leslie D. Sheekley of Chesser & Barr, P.A., Shalimar, for Appellee Fred Simpler.
David B. Pleat, Amy A. Perry, and Christopher H. McElroy of Pleat & Perry, P.A., Destin, for Appellee Loretta M. Burton.
PER CURIAM.
The appellant, Essex Insurance Company, challenges a final order by which the trial court ruled that a policy of insurance issued by Essex to Appellee Fred Simpler provided liability coverage in relation to a personal injury claim brought against Simpler by Appellee Loretta Burton. In reaching this conclusion, the court relied upon parol evidence to determine the intent of the parties, and also relied upon the doctrine of estoppel. Concluding that the trial court erred in both respects, we reverse the order under review.
As both parties acknowledge, the standard of review applicable to the determination of whether a contract is ambiguous is the de novo standard of review. See V & M Erectors, Inc. v. Middlesex Corporation, 867 So.2d 1252 (Fla. 4th DCA 2004); Centennial Mortgage, Inc. v. SG/SC, Ltd., 772 So.2d 564 (Fla. 1st DCA 2000). Applying this standard, we conclude that the insurance contract in question is not ambiguous, but plainly provides that the policy issued to Simpler does not include coverage for the premises where Burton allegedly sustained her personal injuries. Accordingly, the trial court erred by considering parol evidence to determine the parties' intent on this issue.
As to the trial court's application of the doctrine of promissory estoppel, we conclude that this case does not involve circumstances that would place it within the narrow exceptions to the general rule that estoppel will not operate to create or extend coverage where coverage does not exist. See Doe v. Allstate Insurance Company, 653 So.2d 371 (Fla.1995); Crown Life Insurance Company v. McBride, 517 So.2d 660 (Fla.1987). Cf. Florida Municipal Insurance Trust v. Village of Golf, 850 So.2d 544 (Fla. 4th DCA 2003); Florida Physicians Insurance Company v. Stern, 563 So.2d 156 (Fla. 4th DCA 1990).
ALLEN, DAVIS and BENTON, JJ., concur.