920 So.2d 1148 (2006)
Pauline S. WEISFELD-LADD, Appellant,
v.
In re: ESTATE OF Norman K. LADD, Appellee.
No. 3D04-3104.
District Court of Appeal of Florida, Third District.
February 1, 2006.
Rehearing Denied March 7, 2006.
Ginsberg & Schwartz and Arnold R. Ginsberg, Miami; and Susan E. Durré, Miami, for appellant.
Craig R. Dearr, Miami; and M.S. Marlin and Gary R. Marlin, Coral Gables, for appellee.
Before GREEN, RAMIREZ, and ROTHENBERG, JJ.
ROTHENBERG, J.
Pauline S. Weisfeld-Ladd ("wife") appeals from an order denying her Petition for Order Determining Spouse's Entitlement to Elective Share. We affirm.
Norman K. Ladd ("husband") and the wife married in 2002. Prior to marrying, however, they entered into a Prenuptial Agreement, which was prepared by the wife's attorney. The Prenuptial Agreement provides, in part, as follows:
5. NORMAN'S PROPERTY: All of the property, both personal and real, including but not limited to bank accounts, stock, certificates of deposit, retirement accounts and all other items of personal property, tangible or intangible, which are in his name alone shall remain the sole and separate property of NORMAN through the marriage, under his sole management and control, and he may encumber, sell or dispose of any of said assets without the consent of the other party. NORMAN will also be receiving *1149 various assets from Bernice LeBrun, his elderly mother, upon her death, and those assets will remain his separate property. PAULINE shall not claim or acquire any interest in any such property during the marriage or in the event of dissolution of the marriage. It is NORMAN's intent that, in the event of his death, all of his separate property be given to his children, STEVEN M. LADD and BETHANY S. LADD, or as otherwise provided for in his Last Will and Testament.
Paragraph 4 of the Prenuptial Agreement is basically the same as Paragraph 5, except that it refers to the wife's separate property, and provides that in the event of her death, it is her intent that her separate property be given to her son.
Upon the husband's death, the wife filed her Election to Take Elective Share. The husband's children filed an objection, stating that the wife had "waived all of her rights to any of the decedent's separate property" and that "[p]ursuant to Florida Statutes 732.702, said Prenuptial Agreement operates as a waiver of Pauline S. Weisfeld's right to elect to take elective share." Thereafter, the wife filed a Petition for Order Determining Spouse's Entitlement to Elective Share ("Petition"), arguing that the language contained in the Prenuptial Agreement was insufficient to waive her right to an elective share in her husband's property.
Following an evidentiary hearing, in which the wife testified, the trial court denied the wife's Petition. This appeal followed.
The wife contends that the trial court erred by finding that the Prenuptial Agreement operates as a waiver of her right to an elective share in her husband's property. We disagree.
The parties agree that section 732.702(1), Florida Statutes (2002), allows an individual, prior to marriage to waive in writing his/her right to an elective share. Section 732.702(1), Florida Statutes (2002), provides, in part, as follows:
rights of a surviving spouse to an elective share ... may be waived, wholly or partly, before ... marriage, by a written contract .... Unless the waiver provides to the contrary, a waiver of `all rights,' or equivalent language, in the property or estate of a ... prospective spouse ... is a waiver of all rights to elective share....
(emphasis added).
In the instant case, the parties have differing views as to whether the Prenuptial Agreement waived the wife's right to an elective share. The wife argues that the Prenuptial Agreement does not specifically state that she waived her right to an elective share, and that Paragraphs 4 and 5 of the Prenuptial Agreement merely set forth the parties' "intent" as to the disposition of their separate property upon their deaths. The husband's children, however, contend that Paragraphs 4 and 5 of the Prenuptial Agreement, although not specifically referring to "elective shares" or "all rights," was sufficient to waive the wife's right to an elective share, as section 732.702(1) provides that "equivalent language" may be used to waive a spouse's right to an elective share.
The trial court did not make a specific finding as to whether the Prenuptial Agreement was ambiguous or unambiguous. However, as the trial court allowed the wife to testify as to her intent when entering into the valid Prenuptial Agreement, we assume that the trial court found that the Prenuptial Agreement was susceptible of more than one construction and, therefore, ambiguous. See Strama v. Union Fid. Life Ins. Co., 793 So.2d 1129, 1132 (Fla. 1st DCA 2001) (holding that *1150 when a contract is ambiguous because it is susceptible to different interpretations, parol evidence is admissible to explain or clarify ambiguous term); Gorman v. Kelly, 658 So.2d 1049 (Fla. 4th DCA 1995) ("Where a term in a contract is ambiguous or unclear, `the court may consider extrinsic matters not to vary the terms of the contract, but to explain, clarify or elucidate the ambiguous language with reference to the subject matter of the contract, the circumstances surrounding its making, and relation of the parties.'") (quoting Vienneau v. Metro. Life Ins. Co., 548 So.2d 856, 859 (Fla. 4th DCA 1989)); Specialty Rests. Corp. v. City of Miami, 501 So.2d 101, 103 (Fla. 3d DCA 1987) ("A contract is ambiguous when its language is reasonably susceptible to more than one interpretation, or is subject to conflicting inferences."); Bacardi v. Bacardi, 386 So.2d 1201, 1203 (Fla. 3d DCA 1980) ("When a contract is ambiguous and the parties suggest different interpretations, the issue of the proper interpretation is an issue of fact requiring the submission of evidence extrinsic to the contract bearing upon the intent of the parties.").
Upon review of the Prenuptial Agreement, we agree with the trial court's determination that the Prenuptial Agreement was ambiguous. See Essex Ins. Co. v. Simpler, 911 So.2d 794 (Fla. 1st DCA 2004) ("[T]he standard of review applicable to the determination of whether a contract is ambiguous is the de novo standard of review."); Wagner v. Wagner, 885 So.2d 488 (Fla. 1st DCA 2004) (holding that "whether an ambiguity exists in a contract is a question of law," and therefore, the standard of review is de novo). As the agreement was ambiguous, the trial court properly admitted parol evidence to shed light on the intent of the parties when entering into the Prenuptial Agreement. See Critchlow v. Williamson, 450 So.2d 1153, 1156 (Fla. 4th DCA 1984) ("In interpreting prenuptial agreements, the courts are guided by the same principles which control the construction of other contracts.").
A review of the wife's testimony at the evidentiary hearing illustrates that the husband and wife lived together for eleven years before marrying, and during that period, they did not commingle their separate property. Moreover, the wife acknowledged that if they would not have executed the Prenuptial Agreement, they would not have married. Most importantly, the wife testified as to her understanding of the Prenuptial Agreement. It was her understanding that if she would have passed away, her son would have inherited all of her separate property, and that upon her husband's death, his children would inherit all of his separate property.
Based upon the wife's testimony, the trial court found that the wife waived her right to an elective share. State Farm Fire & Cas. Co. v. De Londono, 511 So.2d 604, 605 (Fla. 3d DCA 1987) (holding that when a term in a contract is susceptible to more than one construction, it is "proper to submit the question to the jury to be decided as an issue of fact"); Critchlow, 450 So.2d at 1156 (holding that "if a provision is ambiguous, the matter must be submitted to the finder of fact"). As the wife's intent is an issue of fact, the trial court's ruling "should be sustained if supported by competent substantial evidence." Dinallo v. Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., 768 So.2d 468, 471 (Fla. 4th DCA 2000).
As stated earlier, the wife testified at the evidentiary hearing that, as explained in Paragraphs 4 and 5 of the Prenuptial Agreement, upon their deaths, all of their separate property would go to their respective children. She even acknowledged that if she would have predeceased *1151 her husband, her son would have been entitled to inherit all of her separate property. Based upon the wife's interpretation of the Prenuptial Agreement, it is clear that the husband and wife's intent would have been defeated if the surviving spouse was permitted to receive an elective share. There is no doubt that the wife clearly understood that, by entering into the Prenuptial Agreement, she would not receive any of the husband's separate property upon his death, and that all of his separate property would go to his two children.[1] Therefore, as the trial court's finding of fact is supported by competent, substantial evidence, we affirm the trial court's order denying the Petition.
Affirmed.
NOTES
[1] After her husband's death, the wife did receive jointly held property, including a $15,000 account and the house they lived in.