976 So.2d 1148 (2008)
Steven P. ROSENSTEIN, Appellant,
v.
Lynda ROSENSTEIN, Appellee.
No. 4D07-2595.
District Court of Appeal of Florida, Fourth District.
February 27, 2008.
Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellant.
Seth E. Schneiderman of Seth E. Schneiderman, P.A., Hollywood, for appellee.
KLEIN, J.
This appeal arises out of post-dissolution proceedings and involves the interpretation of a marital settlement agreement. We reverse an order requiring the husband to pay the wife's rent in her new living situation, based on the husband's agreement to make the mortgage payments on the prior home which the wife sold.
The marriage of the parties was dissolved in September, 2003 and the wife agreed that she and the minor children would not move more than a three hour drive from their home in Tamarac. With regard to that home, the agreement provided in paragraph 8:
The husband agrees to transfer and/or Quit-Claim to the wife all of his interest in the parties' marital residence located at 10860 Palm Ridge Lane, Tamarac, Florida. The husband shall inform the mortgage company of the deed change. The husband agrees to continue paying the mortgage, association fees, contents insurance and appliance insurance as part of the attached monthly budgets marked A and B until the parties' minor child, KELLY, attains the age of nineteen years or ceases being a full time student living in the home. In the event of the wife's death, said residence shall become the joint property of the children and held in trust by a Court appointed Trustee. Under no circumstances shall the parties' parents become involved in this matter.
At the time of the agreement in 2003 the parties' youngest child, Kelly, would have been almost twelve years old.
*1149 In March, 2005, the husband agreed to modify the restriction on moving as follows:
I Steven P. Rosenstein hereby agree to modify this paragraph of the marital divorce agreement and give undisputed permission to Lynda M. Rosenstein to move our children Robert Hunter Rosenstein and Kelly Megan Rosenstein beyond the 3 hours drive time from Tamarac, Florida with no distance limits, but within the State of Florida. Any and all references of the children's childhood residence in the marital divorce agreement will refer to the new childhood residence at which the children will reside until emancipation as outlined in the agreement.
The wife then sold the Tamarac home in April, 2005, netted $129,000, and moved with the children to Jacksonville, where she is living with a man to whom she claims she pays rent. She signed a rental lease agreement with him in June, 2005, which provides that her rent is $650.00 a month for a part of the house. She testified she paid him a lump sum of $30,000 to cover expenses such as utilities, cable, internet, lawn service, homeowner fees, and security system. This amount was an estimate of what she would owe for these expenses until the youngest child reached majority in five years. The face of the $30,000 check, however, reflects that it was a down payment on the house.
The issue is whether, under the original agreement and modification, the husband is required to pay rent for the wife and children in her new location. Although the wife had signed the "rental lease agreement" in June, 2005, she made no demand on the husband to pay rent prior to filing a motion to hold him in contempt in March, 2006. During that period the wife had been in contact with the husband to make other payments, but had not mentioned that he was obligated to pay rent for her new living arrangement.
The trial court, adopting the recommendation of a magistrate, concluded that the husband was obligated under the two agreements to pay rent of $650 a month, which the wife testified she began paying on July 1, 2005. The husband has appealed, arguing in his brief:
If Wife desired that Husband pay the rent, Wife should have set such requirement forth when Wife prepared the March 10, 2005 modification but Wife did not do so. The March 10, 2005 modification was intended to relate to the Husband's approval to move and the Husband's obligations for the children would not otherwise change. The document confirmed a release (sic) Husband from the Tamarac home. There was no agreement of Husband to be responsible to pay a new debt, especially where Wife profited from the sale by receiving the equity and the income from that equity.
The conclusion that the husband was obligated to pay rent was based entirely on the language in the contracts, and the parties agree that our standard of review is de novo. Critchlow v. Williamson, 450 So.2d 1153 (Fla. 4th DCA 1984).
We conclude that, in the absence of a specific provision requiring the husband to pay rent, the two contracts should not have been interpreted to require the payment of rent. A court may not change the terms of a contract to achieve what it might think is a more appropriate result, McCutcheon v. Tracy, 928 So.2d 364 (Fla. 3d DCA 2006), or to relieve one side from an improvident bargain. Beach Resort Hotel Corp. v. Wieder, 79 So.2d 659 (Fla. 1955). We have considered the other arguments raised by the husband and find *1150 them to be without merit. Affirmed in part and reversed in part.
HAZOURI and DAMOORGIAN, JJ., concur.