PER CURIAM.
 

 Joshua Taylor, Appellant, appeals an Order on Petition for Determination of Beneficiaries. At issue in the proceedings below was the effect of a prenuptial agreement between Mary Ann Taylor, Appellee, and Louis Taylor, the decedent. The trial court ruled that the prenuptial agreement had no effect on Appellee’s right to partake in the decedent’s intestate estate as his surviving spouse. This ruling was erroneous. Because the unambiguous language of the prenuptial agreement provides that all property belonging to each spouse would “forever remain [his or her] personal estate” and that “said property shall remain forever free of claim by the other,” we hold that Appellee waived her right to an elective share, intestate share, family allowance, and all of the other rights generally afforded to surviving spouses. Accordingly, we reverse.
 

 Appellee married the decedent on June 22, 1996. On the previous day, Appellee and the decedent entered into a prenuptial agreement, which provides, in its entirety, as follows:
 

 BE IT KNOWN, this agreement is entered into on this 21 day of June, 1996.
 

 
 *350
 
 WHEREAS, the parties contemplate legal marriage under the laws of the State of Florida, and it is their mutual desire to enter into this agreement so that they will continue to own and control their own property, and are getting married because of their love for each other but do not desire that their present financial interest be changed by their marriage.
 

 NOW, THEREFORE, it is agreed as follows:
 

 1. All property which belongs to each of the above parties shall be, and shall forever remain, their personal estate, including all interest, rents, and profits which may accrue from said property, and said property shall remain forever free of claim by the other.
 

 2. The parties shall have at all times the full right and authority, in all respects the same as each would if not married, to use, sell, enjoy, manage, gift and convey all property as may presently belong to him or her.
 

 3. In the event of a separation or divorce, the parties shall have no right against each other by way of claims for support, alimony, maintenance, compensation or division of property existing of this date.
 

 4. In the event of separation or divorce, marital property acquired after marriage shall nevertheless remain subject to division, either by agreement or judicial determination.
 

 5. This agreement shall be binding upon and inure to the benefit of the parties, their successors, assigns, and personal representatives.
 

 This agreement shall be enforced with the laws of the State of Florida. Under this language, the agreement bears the signatures of the decedent, Appellee, two witnesses, and a notary.
 

 After holding an evidentiary hearing, the trial court found that the agreement was silent, and thus, ambiguous as to whether it affected the rights of one spouse in the event of the other spouse’s death. Based on Appellee’s testimony, the trial court found that she did not intend to waive any of the rights she would have in the event of her husband’s death. Ultimately, the trial court ruled that the agreement did not affect the constitutional and statutory rights Appellee had as the decedent’s widow.
 

 A trial court’s interpretation of a prenuptial agreement is reviewed de novo, as such agreements are governed by the law of contracts.
 
 See Weisfeld-Ladd v. Estate of Ladd,
 
 920 So.2d 1148, 1150 (Fla. 3d DCA 2006). Contract interpretation begins with a review of the plain language of the agreement because the contract language is the best evidence of the parties’ intent at the time of the execution of the contract.
 
 Royal Oak Landing Homeowner’s Ass’n, Inc. v. Pelletier,
 
 620 So.2d 786, 788 (Fla. 4th DCA 1993). In construing the language of a contract, courts are to be mindful that “the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose.”
 
 Delissio v. Delissio,
 
 821 So.2d 350, 353 (Fla. 1st DCA 2002).
 

 When the terms of a contract are ambiguous, parol evidence is admissible to “explain, clarify or elucidate” the ambiguous terms.
 
 Strama v. Union Fid. Life Ins. Co.,
 
 793 So.2d 1129, 1132 (Fla. 1st DCA 2001) (citation omitted). However, a trial court should not admit parol evidence until it first determines that the terms of a contract are ambiguous.
 
 See Weisfeldr-Ladd,
 
 920 So.2d at 1149-50;
 
 see also Ac
 
 
 *351
 

 celeration Nat’l Svcs. Corp. v. Brickell Fin. Svcs. Motor Club, Inc.,
 
 541 So.2d 738, 739 (Fla. 3d DCA 1989) (“In the absence of an ambiguity on the face of a contract, it is well settled that the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls.”). If parol evidence is properly admitted and the parties submit contradictory evidence regarding their intent, then the trial court’s factual findings regarding the parties’ intent are reviewed for competent, substantial evidence.
 
 See Weisfeld-Ladd,
 
 920 So.2d at 1150.
 

 In reviewing the trial court’s order, we first determine whether the parties’ agreement unambiguously settles Appel-lee’s claims to the rights generally afforded to surviving spouses. Our review is guided by section 732.702(1), Florida Statutes (1995), which provides as follows:
 

 The right of election of a surviving spouse, the rights of the surviving spouse as intestate successor or as a pretermitted spouse, and the rights of the surviving spouse to homestead, exempt property, and family allowance, or any of them, may be waived, wholly or partly, before or after marriage, by a written contract, agreement, or waiver, signed by the waiving party. Unless it provides to the contrary, a waiver of “all rights,” or equivalent language, in the property or estate of a present or prospective spouse, or a complete property settlement entered into after, or in anticipation of separation, dissolution of marriage, or divorce, is a waiver of all rights to elective share, intestate share, pretermitted share, homestead property, exempt property, and family allowance by each spouse in the property of the other and a renunciation by each of all benefits that would otherwise pass to either from the other by intestate succession ....
 

 Application of section 732.702(1) leads us to conclude that the trial court erred in determining that the prenuptial agreement was ambiguous as to Appellee’s rights in the decedent’s estate. Section 732.702(1) does not require that the parties specify an intent to relinquish rights given to surviving spouses in order to effectively relinquish those rights. Instead, the statute provides that a general relinquishment of “all rights” or equivalent language is sufficient to accomplish this purpose. Here, Appellee agreed, under paragraph one, that after marriage, the decedent’s property would “forever remain [his] personal estate” and that such property would be “forever free of any claim by [Appellee].” Because this language is equivalent to a statement that Appellee waived “all rights” in the decedent’s property or estate, section 732.702(1) compels a conclusion that the prenuptial agreement was a valid waiver of those rights.
 

 Our review of the remainder of the agreement supports this conclusion. When read as a whole, the agreement makes clear the parties’ intention that their marriage would not affect their financial interests. Paragraph two particularly supports this conclusion, even though it would not have been sufficient, standing alone, to constitute a waiver of the rights enumerated in section 732.702(1). Paragraph two, which provides that the parties were to retain “the full right[s] and authority” over their property as they would have “if not married” shows that the parties intended for their property to be treated as property belonging to an unmarried person. Additionally, while paragraphs three and four pertain specifically to “the event of separation or divorce,” the remainder of the agreement contains no such limiting language. Thus, the prenuptial agreement, by its own terms, defined
 
 *352
 
 the parties’ property interests for general purposes, and not simply for the purpose of aiding a court in dividing the assets in the event of a divorce or separation.
 

 Because the prenuptial agreement is unambiguous, the trial court should not have taken parol evidence to decipher its meaning. Instead, it should have allowed the document to speak for itself. The prenuptial agreement was a valid waiver of the rights enumerated in section 732.702(1), and the trial court’s conclusion to the contrary was erroneous. Accordingly, we REVERSE and REMAND with instructions that the trial court vacate the order under review and enter an order consistent with this opinion.
 

 WOLF, LEWIS, and ROBERTS, JJ., concur.