Marc **SPUNGIN**, Steven Spungin, and Debra Levine, Petitioners,

v.

**GENSPRING FAMILY OFFICES, LLC**, Respondent.

Case No. 11–mc–81287–DMM.

United States District Court, S.D. Florida.

May 25, 2012.

Allison S.H. Ficken, Edward J. Dovin, Dovin, Malkin & Ficken, LLC, Atlanta, GA, Susan R. Healy, Vernon Healy, Naples, FL, for Petitioners.

Jon Andrew Jacobson, Greenberg Traurig, West Palm Beach, FL, for Respondent.

### *ORDER DENYING PETITION IN THE FORM OF A COMPLAINT TO VACATE ARBITRATION AWARD AND CONFIRMING ARBITRATION AWARD*

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon the Petition in the Form of a Complaint to Vacate Arbitration Award ("Petition to Vacate Arbitration Award") (DE 1) filed by Petitioners Marc Spungin, Steven Spungin, and Debra Levine ("Petitioners") and Respondent GenSpring Family Offices, LLC's ("GenSpring") Cross–Motion

to Confirm Arbitration Award (DE 12). I have reviewed the matter and am advised in the premises.

## I. BACKGROUND

On February 10, 2011, Petitioners filed a Demand for Arbitration and Statement of Claim against GenSpring at JAMS Dispute Resolution in accordance with the arbitration provision in the parties' Investment Advisory Agreements. (DE 1 at 8). GenSpring then filed a Motion to Dismiss Petitioners' claims on May 4, 2011, to which Petitioners filed a Response on June 10, 2011. (*Id.* at 9). At issue was whether a Settlement Agreement previously entered into by Petitioners and SunTrust Bank in April 2008 released GenSpring from the claims in this action. (*Id.* at 7–8). That Settlement Agreement defined SunTrust Bank as "its employees, agents, officers, directors, representatives, legal representatives, partners, stockholders, parents, subsidiaries, any related entities, divisions, departments, affiliates, and attorneys." (DE 11–3 at 13). The Settlement Agreement went on to provide that:

> The Signatories to this Agreement hereby release, remise, acquit, satisfy and forever discharge SUNTRUST BANK … from all manner of action and causes of action … whatsoever, in law or in equity, now existing or which may hereafter accrue against SUNTRUST BANK, for upon or reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents; including but not limited to, any matters brought or which could have been brought, directly or indirectly, known or unknown, already accrued or not yet accrued … in connection

with all claims, counterclaims, crossclaims, and other claims for affirmative relief that have been or could have been raised in the Lawsuit. . . .

The Arbitrator granted GenSpring's Motion to Dismiss on June 30, 2011. (*Id.*). Petitioners filed a Motion for Reconsideration on June 29, 2011, which the Arbitrator denied and entered an Award dismissing all of the Petitioners' claims with prejudice. (*Id.*). Petitioners now move to vacate the August 22, 2011 Award. (*Id.*).

Petitioners contend that the Arbitrator erroneously dismissed their claim by not conducting an evidentiary hearing or affording Petitioners an opportunity to present evidence in the case. (DE 1 at 1). Specifically, Petitioners provide four reasons why the Award must be vacated: (1) the Arbitrator exceeded his powers pursuant to section 10(a)(4) of the Federal Arbitration Act ("FAA"); (2) the Arbitrator refused to hear evidence pertinent and material to the controversy as required by section 10(a)(3) of the FAA; (3) the Award is arbitrary and capricious; and (4) the Florida Arbitration Code, F.S.A. § 682.06(2) requires that the parties be afforded a full opportunity to be heard and to present their evidence.

## II. LEGAL STANDARD

This action is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Section 9 of the FAA provides that the Court, upon proper application, must issue an order confirming an arbitration award "unless the award is vacated, modified, or corrected" as prescribed in Sections 10 and 11 of the Act. A party seeking to vacate an arbitral award under Section 10[1] of the FAA bears the burden

---

1. Under Section 10, the Court may vacate an arbitration award:
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any

of asserting sufficient grounds to vacate the award. *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1223 (11th Cir.2000). The rules of notice pleading under the Federal Rules of Civil Procedure do not apply to a motion to vacate an arbitration award. *O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 748 (11th Cir.1988). Rather, an application under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions[.]" 9 U.S.C. § 6. A motion "shall state with particularity the grounds therefor[.]" Fed.R.Civ.P. 7(b). "[V]ague, remote and speculative charges" cannot support an order vacating an arbitration award. *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1015 (11th Cir.1998).

■■■■ "Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act." *B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir.2006), *abrogated on other grounds by Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313 (11th Cir., 2010). "The laudatory goals of the FAA will be achieved only to the extent that courts ensure arbitration is an alternative to litigation, not an additional layer in a protracted contest. If we permit parties who lose in arbitration to freely relitigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system...." *Harbert*, 441 F.3d at 907. "[C]ourts are generally prohibited from vacating an arbitration on the basis of errors of law or interpretation." *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1014 (11th Cir.1998) (citations omitted).

other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a

## III. DISCUSSION

### A. WHETHER THE ARBITRATOR EXCEEDED HIS POWERS PURSUANT TO SECTION 10(a)(4) OF THE FAA

Section 10(a)(4) of the FAA provides that a district court wherein an award was made may vacate it "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Petitioners argue that "[t]he Arbitrator in this case exceeded his powers because the JAMS Rules do not provide for a pre-discovery motion to dismiss based solely on written submissions when there are issues of fact in dispute." (*Id.* at 15). I disagree with Petitioners' claim that the Arbitrator in this case exceeded his powers. First, Rule 18 provides:

> The Arbitrator may permit any Party to file a Motion for Summary Disposition of a particular claim or issue, either by agreement of all interested Parties or at the request of one Party, provided other interested Parties have reasonable notice to respond to the request.

Contrary to Petitioners' claim, Rule 18 does not indicate that it is a post-discovery proceeding intended only for when the facts obtained in discovery are not in dispute. Second, the Recommended Arbitration Discovery Protocols for Domestic, Commercial Cases ("Discovery Protocols") cited by Petitioners in their Complaint, provide:

> In arbitration, "dispositive" motions can cause significant delay and unduly prolong the discovery period. Such motions are commonly based on lengthy briefs

mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a) (2011).

and recitals of facts and, after much time, labor and expense, are generally denied on the ground that they raise issues of fact and are inconsistent with the spirit of arbitration. *On the other hand, dispositive motions can sometimes enhance the efficiency of the arbitration process if directed to discrete legal issues such as* statute of limitations or *defenses based on clear contractual provisions. In such circumstances, an appropriately framed dispositive motion can eliminate the need for expensive and time consuming discovery.* On balance, a JAMS arbitrator will consider the following procedure with regard to dispositive motions:

- Any party wishing to make a dispositive motion must first submit a brief letter (not exceeding five pages) explaining why the motion has merit and why it would speed up the proceeding and make it more cost-effective. The other side would have a brief period within which to respond.

- Based on the letters, the arbitrator would decide whether to proceed with more comprehensive briefing and argument on the proposed motion.

- If the arbitrator decides to go forward with the motion, he/she would place page limits on the briefs and set an accelerated schedule for the disposition of the motion.

- Under ordinary circumstances, the pendency of such a motion should not serve to stay any aspect of the arbitration or adjourn any pending deadlines.

(DE 10–11 at 8–9) (emphasis added). It is evident that the JAMS Discovery Protocols anticipate that dispositive motions are sometimes appropriate, particularly when concerning "defenses based on clear contractual provisions," in the arbitration process and do not indicate that such motions

are limited to post-discovery. Finally, JAMS Rule 11(a) provides that "[o]nce appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules.... The resolution of the issue by the Arbitrator shall be final." Thus, to the extent that the JAMS Rules are ambiguous, Rule 11 specifically provides the Arbitrator with the discretion to interpret them. Accordingly, I find no merit to Petitioners' argument that the Arbitrator exceeded his powers by dismissing Petitioners' claim without holding an evidentiary hearing.

**B. WHETHER THE AWARD SHOULD BE VACATED PURSUANT TO SECTION 10(a)(3) OF THE FAA OR FLORIDA ARBITRATION CODE, F.S.A § 682.06(2) DUE TO THE ARBITRATOR'S REFUSAL TO HEAR EVIDENCE PERTINENT AND MATERIAL TO THE CONTROVERSY**

Next Petitioners argue that the Award should be vacated pursuant to section 10(a)(3) of the FAA and the Florida Arbitration Code, F.S.A. § 682.06(2) because the arbitrator refused to hear Petitioners' evidence regarding the intent of the parties when they executed the release. Section 10(a)(3) of the FAA provides that a district court may vacate an award "where the arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy...." 9 U.S.C. § 10(a)(3). Similarly, the Florida Arbitration code provides that "the parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing." F.S.A. § 682.06(2). Petitioners argue that an evidentiary hearing was imperative in this case because GenSpring's Motion to Dismiss was based on issues of fact, not law. (DE 1 at 20). Specifically,

Petitioners contend that an evidentiary hearing was necessary to determine the intent of the parties in entering into the previous Settlement Agreement and whether it was intended that GenSpring be released from the claims asserted in this arbitration. (*Id.* at 20–21). Accordingly, Petitioners assert that the arbitration "proceedings were fundamentally unfair because the Arbitrator denied Petitioners any discovery or opportunity to obtain evidence from GenSpring as well as any hearing or opportunity to present their evidence." (*Id.* at 22).

■ "Contract interpretation begins with a review of the plain language of the agreement because the contract language is the best evidence of the parties intent at the time of the execution of the contract." *Taylor v. Taylor,* 1 So.3d 348, 350 (Fla. 1st DCA 2009) (citing *Royal Oak Landing Homeowner's Ass'n, Inc. v. Pelletier,* 620 So.2d 786, 788 (Fla. 4th DCA 1993)). "When the terms of a contract are ambiguous, parol evidence is admissible to 'explain, clarify or elucidate' the ambiguous terms. However, a trial court should not admit parol evidence until it first determines that the terms of a contract are ambiguous." *Taylor,* 1 So.3d at 350–51 (citations omitted). "In the absence of an ambiguity on the face of a contract, it is well settled that the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls." *Acceleration Nat. Service Corp. v. Brickell Financial Services Motor Club, Inc.,* 541 So.2d 738, 739 (Fla. 1st DCA 1989). Thus, it is apparent that the Arbitrator should not have considered parol evidence if he found that the release at issue was not ambiguous. Accordingly, I find that the Arbitrator was not guilty of misconduct in granting GenSpring's Motion to Dismiss without holding an evidentiary hearing.

## C. WHETHER THE AWARD SHOULD BE VACATED BECAUSE IT IS ARBITRARY AND CAPRICIOUS

■ Petitioners also contend that the Award should be vacated because it is arbitrary and capricious. (DE 1 at 23). In *Frazier,* the Eleventh Circuit considered whether an arbitration award could be vacated for being arbitrary and capricious. *Frazier,* 604 F.3d at 1322. The Eleventh Circuit noted that its prior precedents recognized this non-statutory ground for vacatur, but that the Supreme Court's decision in *Hall Street Assoc., LLC v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), "casts serious doubt" on its legitimacy. *Id.* After considering the matter, the Eleventh Circuit held "that our judicially-created bases for vacatur are no longer valid in light of *Hall Street." Id.* at 1324. Accordingly, it is apparent that an arbitration award cannot be vacated for being arbitrary and capricious.

## IV. CONCLUSION

Having determined that the Arbitration Award in this case should not be vacated, it is hereby

ORDERED AND ADJUDGED that the Petition to Vacate Arbitration Award (DE 1) is DENIED. It is further

ORDERED AND ADJUDGED that GenSpring's Cross–Motion to Confirm Arbitration Award (DE 11) is GRANTED.

### FINAL JUDGMENT

Having granted Respondent GenSpring Family Offices, LLC's Cross–Motion to Confirm Arbitration Award (DE 12), it is hereby

**ORDERED AND ADJUDGED** that

1. The August 22, 2011 Award of JAMS Arbitration Case Reference

Nos. 1440002993 and 144000294 is hereby **CONFIRMED.**

2. **FINAL JUDGMENT** is hereby **ENTERED** in favor of Respondent GenSpring Family Offices, LLC and against Petitioners Marc Spungin, Steven Spungin, and Debra Levine.

3. The Clerk of Court shall **CLOSE THIS CASE.** All pending motions are **DENIED AS MOOT.**[1]