CIKLIN, J.
AGBL Enterprises, LLC appeals from a final judgment which awards damages to Girlcook, Inc. on Girlcook’s counterclaim in this breach of contract action. We affirm the trial court’s finding that AGBL breached the lease by failing to maintain the premises, but reverse and remand with instructions that the trial court reduce *1059 Girlcook’s damages by $102,395.15 — the amount the trial court attributed to AGBL’s failure to timely complete work on the shopping plaza in which the leased building was located.
In June 2007, AGBL and Girlcook entered into a commercial lease agreement and an accompanying rider (collectively referred to as the “Lease”) in which AGBL was to lease to Girlcook a commercial building in a shopping plaza for use as a full-service restaurant. The first paragraph of the Lease contained the following integration clause:
[T]he entire agreement between the Lessor and Lessee consists solely of the terms in this lease and the accompanying rider. The agreement between the Lessor and Lessee will not consist of any verbal or implied statements which are not specifically written in this lease or the accompanying rider.
(emphasis in original).
Pursuant to the Lease, Girlcook was required to make monthly rent payments before the first day of each month. In turn, AGBL was “solely responsible for maintaining the roof, foundation and exterior of the building, and all parking areas in decent repair for their intended use.” Although the plaza was undergoing major renovations at the time the Lease was signed, there was no provision in the Lease requiring the renovations to be completed by any specific date. Additionally, in the accompanying rider, Girlcook agreed to accept the premises (including the building being leased and the entirety of the plaza) “in their current condition at the beginning of the rental period.”
Girlcook did not make rent payments in September, October, or November 2008. In November 2008, AGBL filed a two-count complaint against Girlcook seeking to evict Girlcook and seeking past-due rent for Girlcook’s alleged breach of the Lease.[1] As an affirmative defense, Girlcook alleged that it had notified AGBL that AGBL was in breach of the Lease for failing to maintain the premises, and that as a result, Girlcook was placing the rents in escrow. Girlcook also filed a counterclaim against AGBL alleging that AGBL fraudulently induced it into executing the Lease and that AGBL breached the Lease by failing “to have the sewage hooked up as required by September 1, 2007;” by refusing “to repair the roof, parking structures, air conditioning, and landscaping;” by providing inadequate parking spaces for the businesses in the plaza; and by intentionally removing and destroying the return air unit of the restaurant.
Subsequent to a two-day non-jury trial, the trial court entered a final judgment finding in favor of Girlcook on its claim for breach of contract.[2] The trial court determined that AGBL had breached the Lease because AGBL’s “work in the plaza was not completed by September 1, 2007,” and because AGBL had failed to maintain the roof of the building, exterior of the plaza, and all parking areas in decent repair. The trial court determined that Girlcook *1060 suffered $102,895.15 in damages (including lost profits) due to AGBL’s failure to complete work on the plaza by September 1, 2007, and $32,840.62 in damages as a result of AGBL’s failure to maintain the premises, for a total damages award of $135,285.77.
AGBL raises several arguments on appeal, only one of which we find has merit. AGBL argues that the trial court erred by considering parol evidence to contradict the terms of the fully integrated written lease agreement. We agree. The trial court interpreted the Lease as requiring AGBL to complete its work on the plaza and to hook up the leased building to the county sewer system by September 1, 2007. The Lease, however, contained no such covenant. To the contrary, the Lease provided that Girleook was accepting the premises, including the building and the plaza, “in their current condition at the beginning of the rental period.” See Rosenstein v. Rosenstein, 976 So.2d 1148, 1149 (Fla. 4th DCA 2008) (“A court may not change the terms of a contract to achieve what it might think is a more appropriate result, or to relieve one side from an improvident bargain.” (citations omitted)); Allett v. Hill, 422 So.2d 1047, 1050 (Fla. 4th DCA 1982) (explaining that “the admission of parol evidence to add a term to [a fully-integrated] written lease which, whether part of the preliminary negotiations or a separate subsequent condition, plainly violates, respectively, the doctrine of merger and the parol evidence rule”).
Since AGBL had no obligation under the Lease to complete its work on the plaza by September 1, 2007, it cannot reasonably be charged with any damages that Girleook incurred as a result of a delayed opening. Accordingly, the appropriate amount of the judgment in favor of Girleook should be $32,840.62. In all other respects, the final judgment is supported by competent, substantial evidence and, therefore, will not be disturbed. We direct the trial court on remand to enter an amended final judgment which is consistent with this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

MAY, C.J., and TAYLOR, J., concur.

. In March 2009, the trial court severed AGBL's eviction count from the remainder of the litigation. Following a trial in May 2009, the trial court denied AGBL's action to evict Girlcook from the leased building.

. The trial court also found in favor of Girl-cook on AGBL’s breach of contract claim, and in favor of AGBL on Girlcook's fraudulent inducement counterclaim. We find no merit in AGBL's claim that the trial court erred by failing to find that Girlcook breached the Lease as a matter of law by failing to timely pay several months’ rent. Girlcook’s damages exceeded all liability it had to AGBL during the four months that it withheld rent before placing subsequent rent payments in the court registry. As such, Girlcook successfully asserted its affirmative defense of set-off.