18-2275-cv
NRW, Inc. v. Bindra et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

------------------------------------------------------------------

NRW, INC.,

*Plaintiff-Appellant,*

HENRI PFERDMENGES,

*Plaintiff,*

                    v.                              No. 18-2275-cv

MIKE BINDRA, LAURA DE PALMA, SALA CORPORATION, MISTER ED PRODUCTIONS, LTD.,

*Defendants-Appellees,*

v.

MADE EVENT, LLC, EZ FESTIVALS, LLC,

*Defendants.*

------------------------------------------------------------

FOR APPELLANT:                         LESLIE D. CORWIN (Simon
                                       Miller & Rebecca Avrutin
                                       Foley, *on the brief*), Eisner,
                                       APC, New York, NY.

FOR APPELLEES:                         SARAH M. MATZ (Gary
                                       Adelman, *on the brief*),
                                       Adelman Matz, P.C., New
                                       York, NY.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

NRW, Inc. appeals the judgment of the District Court (Sullivan, J.),

dismissing its claims against Mike Bindra, Laura De Palma, Sala Corporation,

Mister Ed Productions, Ltd., Made Event, LLC, and EZ Festivals, LLC.   On

appeal, NRW argues that the District Court erred in dismissing its breach of

contract claim in the Second Amended Complaint based on an alleged

"Ownership Agreement" and denying leave to amend this complaint and the

Fourth Amended Complaint to include this claim. It also argues that the

District Court erred in dismissing its fraudulent inducement claim in the Second

Amended Complaint and denying leave to amend the Fourth Amended

Complaint to include this claim. We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as

necessary to explain our decision to affirm.

**1.     Breach of Contract**

We review NRW's breach of contract claim based on the alleged

Ownership Agreement under Florida law.[1] "[T]he parol evidence rule prevents

the terms of a valid written contract or instrument from being varied by a verbal

agreement or other extrinsic evidence where such agreement was made before or

at the time of the instrument in question." Farrey's Wholesale Hardware Co. v.

---

[1] Although the parties rely on both Florida and New York law with respect to this claim, as the "Profits Agreement" contains a Florida choice-of-law provision, we apply Florida law to the breach of contract claim. We are not aware, and the parties have not pointed us to, any relevant differences between Florida and New York law on this issue.

Coltin Elec. Servs., LLC, 263 So. 3d 168, 176 (Fla. Dist. Ct. App. 2018) (quotation marks omitted).   In addition, "a merger clause is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms."   Duval Motors Co. v. Rogers, 73 So. 3d 261, 265 (Fla. Dist. Ct. App. 2011) (quotation marks omitted).

Here, the "Profits Agreement" attached to Pferdmenges's August 3, 2009 email contains a merger clause stating that "[t]his letter agreement contains the entire understanding between NRW and Sala regarding the subject matter hereof and supercedes all prior understandings or agreements relating to Zoo."   App'x 458.   NRW argues that the merger clause relates only to Electric Zoo 2009 and not the Ownership Agreement's broader terms.   But the Profits Agreement is an integrated agreement even in the absence of a merger clause.   No other terms are necessary to complete the Profits Agreement, and it does not suggest the existence or necessity of any other agreement.   Because the Profits Agreement is an integrated agreement, the parol evidence rule under Florida law (or, for that matter, under New York law) bars its terms from being "varied" by extrinsic

4

evidence.  See Farrey's Wholesale Hardware, 263 So. 3d at 176; see also Primex Int'l Corp. v. Wal-Mart Stores, 89 N.Y.2d 594, 599–600 (1997).  Because the Ownership Agreement would vary the terms of the later Profits Agreement, the District Court did not err in dismissing NRW's breach of contract claim in the Second Amended Complaint.  NRW's proposed Fifth Amended Complaint contains the same defect, so the District Court appropriately denied as futile NRW's motion for leave to file that complaint to include the same claim.  See Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014); AGBL Enters., LLC v. Girlcook, Inc., 96 So. 3d 1058, 1060 (Fla. Dist. Ct. App. 2012); Olive v. Tampa Educ. Cable Consortium, 723 So. 2d 883, 884 (Fla. Dist. Ct. App. 1998); see also Solymar Invs., Ltd. v. Banco Santander S.A., 672 F.3d 981, 991–92 (11th Cir. 2012).

**2.    Fraudulent Inducement**

Next, with respect to NRW's fraudulent inducement claim, to state a claim for fraudulent inducement under New York law,[2] a plaintiff must show that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the

---

[2] The parties appear to agree that New York law applies to this claim.

5

representation, and (4) the plaintiff suffered damage as a result of such reliance." Wall v. CSX Transp., Inc., 471 F.3d 410, 415–16 (2d Cir. 2006) (quotation marks omitted); see Vermeer Owners, Inc. v. Guterman, 78 N.Y.2d 1114, 1116 (1991). Further, "where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract." Telecom Int'l Am., Ltd. v. AT & T Corp., 280 F.3d 175, 196 (2d Cir. 2001) (quotation marks omitted); see Spellman v. Columbia Manicure Mfg. Co., 489 N.Y.S.2d 304, 308 (2d Dep't 1985). In contrast, "New York law specifically recognizes causes of action for fraud in the inducement when the misrepresentation is collateral to the contract it induced." Wall, 471 F.3d at 416; see WIT Holding Corp. v. Klein, 724 N.Y.S.2d 66, 68 (2d Dep't 2001).

Here, the alleged misrepresentations were not collateral. NRW's fraud in the inducement claim was duplicative of its breach of contract claim. The District Court therefore did not err in dismissing the fraudulent inducement claim in the Second Amended Complaint, or in denying leave to amend to

include the same claim in a proposed Fifth Amended Complaint.

We have considered NRW's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7