PER CURIAM.
Barbara Grady appeals an order modifying the final judgment of dissolution. The trial court reduced Michael Grady’s child support obligation because he had lost his longtime job and had accepted new employment at a lower salary. The original child support award in 1990 was not controlled by the statutory guidelines because the parents’ incomes exceeded the statutory range. The trial court set the new award on the basis of the guidelines in effect in January 1993 and the parents’ income at that time. It appears that the decision to modify the child support was also influenced by the father’s obligation to make sizable monthly payments on a child support arrearage resulting from his unemployment. The arrearage is scheduled for payment over a period of approximately two years.
We affirm the order modifying the final judgment as a decision within the trial court’s discretion. The trial court essentially concluded that the father was a mid-level manager who, in a difficult job market, had been unable to find employment equivalent to his previous job. There is sufficient evidence to support the trial court’s finding that the father was not voluntarily underemployed. Thus, the trial court was not obligated to impute income to the father under these circumstances.
While affirming, we emphasize that the elimination of the payments on the child support arrearage and improvement in the father’s earnings could justify a future modification without a showing of increased need on the part of the mother and the couple’s *158 children. See Bedell v. Bedell, 583 So.2d 1005 (Fla.1991).
Affirmed.
PARKER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.