670 So.2d 1129 (1996)
Jerald K. CARLTON, Appellant,
v.
Donna B. CARLTON, n/k/a Donna B. Shippey, and Penny Carlton, Appellees.
No. 95-01332.
District Court of Appeal of Florida, Second District.
March 29, 1996.
*1130 Mark A. Sessums of Frost, O'Toole & Saunders, P.A., Bartow, for Appellant.
Simson Unterberger and S. Grant Halliday, Tampa, for Appellee Donna B. Carlton, n/k/a Donna B. Shippey.
QUINCE, Judge.
Jerald K. Carlton, the former husband, seeks review of the trial court's order requiring him to pay one-half of the college expenses for his daughter. We reverse and remand for further proceedings because the trial court did not consider Carlton's ability to pay as a component of reasonableness of the tuition.
Jerald and Donna Carlton were divorced in 1986, and incorporated in the final judgment was a marital settlement agreement. The settlement provided, in pertinent part, that "the parties shall share equally in all educational expenses for the minor child, including normal schooling, preparatory, college, graduate and post graduate." The parties' daughter, Penny Carlton, attends Furman University at an annual cost of $18,464.00. The former husband has been a high school teacher for the past four years and earns approximately $22,000.00 annually. He receives a monthly disability check in the amount of $531.00, an additional $6,372.00 per year. His monthly income after taxes is $2,087.65.[1] Donna Shippey, the former wife, is a registered nurse with an annual income of approximately $36,000.00 (a net monthly income of $2,522.15).
The real issue presented in this appeal is whether or not the trial court should consider the former husband's ability to pay when deciding the issue of reasonableness of the college tuition amount. We believe that ability to pay is an implied component of reasonableness, and we, therefore, remand to the trial court for reconsideration in light of this standard.
The trial court found that the daughter's selection of Furman and the expenses and costs associated with attendance there were reasonable. However, the trial court refused to include the former husband's ability to pay as a part of its reasonableness determination. Reasonableness is more than the comparison of the tuition at a particular institution of higher learning with other such institutions. The reasonableness of a specific tuition amount must take into consideration the financial resources of the parents. The trial court acknowledged this basic premise when it said, "Obviously, if the daughter had decided to go, let's say, to Sorbonne in Paris and the cost to you was $100,000.00, I think everybody would agree that that's unreasonable." However, a tuition amount need not be outrageous in order to be unreasonable. If parents cannot pay what one may consider a modest tuition, that amount is still unreasonable as to them.
On other domestic relation issues the courts have considered the spouses' abilities to pay as a part of the reasonableness determination, e.g., in modifying child support, Grady v. Grady, 640 So.2d 157 (Fla. 2d DCA 1994); in determining alimony, McLean v. McLean, 652 So.2d 1178 (Fla. 2d DCA 1995); in awarding private education expenses, Todesco v. Todesco, 583 So.2d 774 (Fla. 4th DCA 1991); and in determining attorney's fees and costs, Margulies v. Margulies, 645 So.2d 54 (Fla. 4th DCA 1994). See In re Marriage of Shellenberger, 80 Wash.App. 71, 906 P.2d 968 (Div. 1 1995), where the appellate court considered ability to pay on a petition to modify college expenses. Our courts should also consider ability to pay under the circumstances of this case where *1131 the noncustodial parent has agreed to pay half of the college expenses but has had no real input concerning the choice of school.
We do not mean to suggest by this opinion that the trial court's final determination in this case should be that the tuition at Furman is unreasonable. We hold only that before the decision is made, the trial court must take into consideration the moving party's ability to pay.
Remanded for further proceedings consistent with this opinion.
ALTENBERND, A.C.J., and BLUE, J., concur.
NOTES
[1] Although the former husband indicates his net monthly income is $1,190.11, that figure includes certain deductions such as losses on rental property. The figure stated above represents the total monthly income with deductions for federal taxes/FICA and health insurance only. The net monthly figure for the former wife also includes only deductions for federal taxes/FICA and health insurance.