699 So.2d 755 (1997)
Mark J. LEVITT, Appellant,
v.
Cynthia W. LEVITT, Appellee.
No. 96-4025.
District Court of Appeal of Florida, Fourth District.
August 27, 1997.
Rehearing Denied October 13, 1997.
*756 Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
Monica I. Salis of Monica I. Salis, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
Appellant, Mark Levitt ("former husband"), appeals a post-judgment order granting Appellee, Cynthia Levitt ("former wife"), her attorney's fees in a marital dissolution action. We reverse.
The parties entered into a marital settlement agreement that superseded a handwritten mediation agreement. The marital settlement agreement specifically stated that it was the entire understanding of the parties and that there were "no representations, warranties, covenants and undertakings other than those expressly set forth" in the agreement. The disputed provision in the marital settlement agreement provides that the former husband pay the balance of the former wife's attorney's fees in an amount not to exceed $12,500 and that "payment of this amount is subject to the Husband's review of and consent to the Wife's attorney's billing records, which consent shall not be unreasonably withheld."
When the former wife's counsel submitted a bill for $12,500, the former husband withheld his consent to pay on the grounds that the bill was unreasonable. Both parties then moved for the trial court to interpret the attorney's fees provision. The trial court found the attorney's fee provision in the marital settlement agreement to be ambiguous. After reviewing the marital settlement agreement and other extrinsic evidence, the trial court determined that the parties intended a "flat fee" arrangement and ordered the former husband to pay the $12,500 in attorney's fees. The issue on appeal is whether the trial court erred in ruling that the attorney's fees provision in the marital settlement agreement was ambiguous.
It is well settled that a marital settlement agreement is subject to interpretation like any other contract. See Richter v. Richter, 666 So.2d 559, 561 (Fla. 4th DCA 1995); Bingemann v. Bingemann, 551 So.2d 1228, 1231 (Fla. 1st DCA 1989), rev. denied, 560 So.2d 232 (Fla.1990). As with any contract, a marital settlement agreement is construed as a matter of law. See Ballantyne v. Ballantyne, 666 So.2d 957, 958 (Fla. 1st DCA 1996). As such, this Court is on equal footing with the trial court as interpreter of the written document. See id.
Where the terms of a marital settlement agreement are clear and unambiguous, *757 the parties' intent must be gleaned from the four corners of the document. See Richter, 666 So.2d at 561. It is only when a term in a marital settlement agreement is ambiguous or unclear that the trial court may consider extrinsic evidence as well as the parties' interpretation of the contract to explain or clarify the ambiguous language. See Gorman v. Kelly, 658 So.2d 1049, 1052 (Fla. 4th DCA 1995); Vienneau v. Metropolitan Life Ins. Co., 548 So.2d 856, 859 (Fla. 4th DCA 1989).
In the instant case, the provision in the marital settlement agreement making payment of attorney's fees subject to the former husband's review and consent to the former wife's attorney's billing records is clear and unambiguous. Therefore, the trial court erred in considering extrinsic evidence to interpret the marital settlement agreement. See Richter, 666 So.2d at 561. Accordingly, we reverse and remand to the trial court to determine if the former husband unreasonably withheld his consent to pay the former wife's attorney's fees.
REVERSED AND REMANDED.
DELL, J., and HENNING, PATTI ENGLANDER, Associate Judge, concur.