PER CURIAM.
John Paluzzi, III, appeals 'the amended order entered on his motion for clarification of his liability for his children’s Hebrew School tuition and further appeals the order denying his motion for reimbursement of the amount by which he assertedly overpaid tuition. Mr. Paluzzi argues that the trial court incorrectly held him financially responsible for more than *1034 one year of his children’s Hebrew school tuition payments. We agree and reverse.
The governing provision, originating in the marital settlement agreement and incorporated into the dissolution judgment, states:
PRIVATE SCHOOLING AND OTHER EXPENSES — Husband shall be responsible for monthly tuition for the minor children’s Hebrew School. Husband’s obligation will [sic is?] not to exceed $200.00 per month for 12 months, retroactive to June, 1997. Additionally, both parties agree to consult with each other regarding extra-curricular activities, and each shall be responsible for one-half of any agreed upon extra-curricular activities (i.e., field trips, lunches, books, etc.).
The language capping Mr. Paluzzi’s liability for tuition was clear and unambiguous — Mr.' Paluzzi was liable for a maximum of $200 per month', which liability continued for a maximum of 12 months. Because the tuition terms were unambiguous, the trial court was precluded from considering evidence as to what the parties intended when they entered into the agreement. See Levitt v. Levitt, 699 So.2d 755, 757 (Fla. 4th DCA 1997) (holding that “[i]t is only when a term in a marital settlement agreement is ambiguous or unclear that the trial court may consider extrinsic evidence as well as the parties’ interpretation of the contract to explain or clarify the ambiguous language”). Accordingly, we reverse both orders appealed and direct that upon remand, the amount by which Mr. Paluzzi overpaid tuition be credited against arrearages, if any, under the other terms of the dissolution judgment.
REVERSED and REMANDED with directions.
DAUKSCH, SAWAYA and PLEUS, JJ., concur.