PER CURIAM.
The former husband appeals an order granting the former wife’s motion for civil contempt and enforcement, and overruling his exceptions to the magistrate’s report. He argues the trial court erred in adopting the magistrate’s recommendations to: (1) deny his motion for continuance; (2) order him to pay his former wife’s rent at a location other than the one identified in the Marital Settlement Agreement (“MSA”); and (3) give the wife exclusive possession of the marital home. We find no error in issues one and three, but reverse on issue two.
The MSA required the former husband to share equally in the “rent on the [former wife’s] residence located at” a specific address. At the hearing, the former wife produced evidence showing she resided at two different locations during the relevant period, including the one identified in the MSA. She provided three different leases, one of which was for the location identified in the MSA, and testified to the rent expense at both locations. The magistrate recommended that the former husband pay one half of the rent at both of the locations.
The former husband filed an exception to this recommendation, arguing that the MSA limited his obligation to pay one half of the rent for the first location only. The trial court overruled his exception, and ordered him to pay rent in the amount of $31,325, covering one half of the rent at both of the locations. From this order, the former husband appeals.
As with any contract, “where the terms of a marital settlement agreement are clear and unambiguous, the parties’ intent must be gleaned from the four corners of the document. It is only when a term in a marital settlement agreement is ambiguous or unclear that the trial court may consider extrinsic evidence as well as the parties’ interpretation of the contract to explain or clarify the language.”
Jones v. Treasure, 984 So.2d 634, 636 (Fla. 4th DCA 2008) (quoting Levitt v. Levitt, 699 So.2d 755, 756 (Fla. 4th DCA 1997)).
Because the MSA is unambiguous in requiring the former husband to pay one half of the rent at only one location, the trial court erred when it accepted the magistrate’s recommendation that the former husband pay one half of the rent for the other location. We therefore reverse and remand the case for the trial court to reduce the amount owed by the former husband to the amount of his unpaid share of rent for the specific location listed in the MSA. We find no error in the other issues raised.

Affirmed in part; Reversed in part.

MAY, GERBER and LEVINE, JJ., concur.