PER CURIAM.
Former wife appeals the trial court’s order denying her motion to enter final judgment for money due and overruling her exceptions to the trial court’s findings regarding the final judgment for the dissolution of marriage. We affirm, without discussion, the trial court’s order denying the former wife’s request for prejudgment interest and attorney’s fees, but reverse the trial court’s order requiring the former wife to pay her credit card debt before the former husband would be required to reimburse her.
The dissolution of marriage agreement contained the following language:
8. ALLOCATION OF DEBTS. Husband will assume all wife’s credit card debt for the following cards and balances. Husband will not be responsible for any additional charges placed on these cards by the wife.
After the former husband failed to make the credit card payments, the former wife filed a motion to enter final judgment for money due, requesting that, among other things, the former husband pay her the amount owed on her credit cards. The trial court denied the former wife’s motion.
“The interpretation of the wording and meaning of the marital settlement agreements, as incorporated into the final judgment, is subject to de novo review.” Kiprp v. Kipp, 844 So.2d 691, 693 (Fla. 4th DCA 2003) (quoting McIlmoil v. McIlmoil, 784 So.2d 557, 561 (Fla. 1st DCA 2001)).
“It is well settled that a marital settlement agreement is subject to interpretation like any other contract.” Levitt v. Levitt, 699 So.2d 755, 756 (Fla. 4th DCA 1997). It is also well settled that
[a]s with any contract, “[wjhere the terms of a marital settlement agreement are clear and unambiguous, the parties’ intent must be gleaned from the four corners of the document. It is only when a term in a marital settlement agreement is ambiguous or unclear that the trial court may consider extrinsic evidence as well as the parties’ interpretation of the contract to explain or clarify the language.”
Jones v. Treasure, 984 So.2d 634, 636 (Fla. 4th DCA 2008) (quoting Levitt, 699 So.2d at 756).
We have also held that “conditions precedent are not favored, and the courts will not construe provisions to be such, unless required to do so by plain, unambiguous language or by necessary implication.” Reilly v. Reilly, 94 So.3d 693, 697 (Fla. 4th DCA 2012) (citing 17A Am.Jur.2d Contracts § 471 (1991)).
Since the terms of the marital settlement agreement were clear and unambiguous, and there is no language requiring, or even implying, that the former wife would first have to repay her credit card debts before the former husband be required to reimburse her, the trial court erred by ordering such.
We therefore reverse and remand with instructions that the trial court enter an order granting the former wife’s motion to the extent that the former husband shall be required to pay the former wife’s credit card debt consistent with this opinion and *647 the marital settlement agreement as incorporated into the final judgment.

Affirmed in part, reversed in part.

STEVENSON, TAYLOR and CONNER, JJ., concur.