DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**HOWARD ELIAS,**
Appellant,

v.

**CINDY ELIAS, MAX ELIAS, JOYCE ELIAS, MAHOGANY REALITY, INC., ELITE SERVICES, INC., J.M.K. FAMILY ENTERPRISES, ONE ROYAL PALM PARTNERS, ONE ROYAL PALM ASSOCIATES, ONE ROYAL PALM HOLDINGS, LLC, PHILIP J. FELDMAN, ELIDIN ENTERPRISES, LLC, STEVEN DINGLE** and **SCOTT DINGLE,**
Appellees.

No. 4D14-1068

[December 3, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 502013DR006430XXXXSB.

Nancy W. Gregoire of Kirschbaum, Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, for appellant.

Joel M. Weissman and Ashley M. Johnson of Joel M. Weissman, P.A., West Palm Beach, for appellees.

CONNER, J.

Appellant, Howard Elias ("the husband"), timely appeals the trial court's order determining the date of legal separation from his wife, Appellee, Cindy Elias ("the wife"), and the trial court's order requiring the sale of some of the couple's assets pursuant to a prenuptial agreement. The husband argues that the trial court erred in determining that the couple became legally separated pursuant to a judicial proceeding and in issuing the order of sale. Because we determine that the trial court erred in the threshold determination that the relevant paragraph in the prenuptial agreement was unambiguous, we reverse. Since this renders the trial court's ultimate rulings moot, we remand for further proceedings.

*Pertinent Facts and Trial Proceedings*

The husband and the wife entered into a prenuptial agreement. Pertinent to this appeal is a paragraph within the prenuptial agreement regarding the sale of some of the couple's joint assets upon becoming "legally separated." The paragraph states:

> 4. <u>Termination of Marriage; Separation</u>. If the marriage shall be judicially terminated, or, *if the parties become legally separated* ***pursuant to judicial proceedings or an agreement***, any property owned by the parties as tenants in common, joint tenants with right of survivorship, or tenants by the entirety, unless the parties then agree in writing to the contrary, shall be sold and the net proceeds of sale shall be distributed between the parties in equal shares or in such other proportions as may have been agreed by the parties by written agreement or in accordance with their respective ownership interests as tenants in common as shall be conclusively determined by the applicable instrument.

After signing the prenuptial agreement, the husband and the wife married.

Subsequently, the wife petitioned for dissolution of marriage. Next, the wife filed a motion to determine that a legal separation had occurred between the parties as of the date of the filing of the petition for dissolution of marriage, or a subsequent date. Simultaneously, the wife filed a motion to determine the items to be sold pursuant to the prenuptial agreement.

The trial court held a hearing on the wife's motions. At the hearing, the husband argued that the term "legally separated pursuant to judicial proceedings," as used in paragraph four, was ambiguous. Additionally, when the wife's attorney attempted to call her to the stand to proffer evidence, the trial court stated:

> Well, you know, I'm going to shortchange this, because I've looked at this and I understood what it is. I think once the Court has jurisdiction over both of the parties, that's when the separation occurred, and that's when the assets, everything starts coming into play. . . . But once the service was perfected, that meant the parties meant that they were going to war, and at that particular point, I'm going to rule that as far as this - - that the plain meaning of these terms is that the parties become legally separated pursuant to judicial proceedings. Well, the proceedings started and they were

2

mandatory with regards to both parties, that's when we had -
- the Court had jurisdiction over them. That seems to me to
be a logical point of time.

After the hearing, the trial court entered a written order granting the wife's motion to determine the date of legal separation. The trial court found that the terms and conditions of the prenuptial agreement were unambiguous, and determined that the parties became legally separated on the date that the wife perfected service of her petition for dissolution on the husband. The trial court also granted the wife's motion to determine the assets to be sold, and held that, since the parties were legally separated, that certain assets of the parties were to be sold. The husband appeals both of these orders.

*Appellate Analysis*

As an initial matter, we note that this court granted the wife's motion to dismiss the husband's appeal of the trial court's order determining the date of legal separation. Upon reconsideration and in conjunction with the facts as provided in the full record on appeal, we reverse our previous order. *Cf. Lester v. City of St. Petersburg*, 190 So. 2d 307 (Fla. 1966); *Am. Bridge v. Kromis*, 555 So. 2d 1235 (Fla. 5th DCA 1989); *Hampton v. A. Duda & Sons, Inc.*, 511 So. 2d 1104 (Fla. 5th DCA 1987). It is now clear that the trial court's sale order was based upon its threshold determination of the date of legal separation, which in turn was premised upon the conclusion that the prenuptial agreement is unambiguous. Thus, we must review both orders in conjunction with one another.[1]

"A trial court's interpretation of a prenuptial agreement is reviewed de novo, as such agreements are governed by the law of contracts." *Taylor v. Taylor*, 1 So. 3d 348, 350 (Fla. 1st DCA 2009). "[T]he standard of review applicable to the determination of whether a contract is ambiguous is the de novo standard of review." *Essex Ins. Co. v. Simpler*, 911 So. 2d 794 (Fla. 1st DCA 2004).

Because the trial court's decision that the parties were legally separated was based on a finding that the language of the prenuptial agreement was unambiguous, the threshold determination for us on review is whether the trial court's preliminary finding was correct.

---

[1] The court dismissed the appeal regarding the issue of the date of legal separation because, standing alone, the order is a nonfinal, non-appealable interlocutory order. *See generally* Fla. R. App. P. 9.130.

"A contract provision is ambiguous if it is 'rationally susceptible to more than one construction.'" *State, Dep't. of Transp. v. Fla. Gas Transmission Co.*, 126 So. 3d 1095, 1101 (Fla. 4th DCA 2012) (quoting *Segal v. Rhumbline Int'l, Inc.*, 688 So. 2d 397, 398 (Fla. 4th DCA 1997)). "When a contract is ambiguous and the parties suggest different interpretations, the issue of the proper interpretation is an issue of fact requiring the submission of evidence extrinsic to the contract bearing upon the intent of the parties." *Fecteau*, 585 So. 2d at 1007 (quoting *Bacardi v. Bacardi*, 386 So. 2d 1201, 1203 (Fla. 3d DCA 1980)) (internal quotation marks omitted).

One of the triggering events for the sale of marital property under paragraph four is "*if the parties become legally separated **pursuant to judicial proceedings or an agreement**.*" In Florida, there is no cause of action for a legal separation.[2] Thus, it is unclear, in the context of Florida law and the facts of this case, what the language "if the parties become *legally* separated pursuant to *judicial proceedings*" means. Moreover, it is also unclear, under Florida law and the facts of this case, what the language "if the parties become *legally* separated pursuant to . . . *an agreement*," means. For those reasons, we determine that the language "if the parties become legally separated pursuant to judicial proceedings or an agreement" in the prenuptial agreement is reasonably susceptible to more than one construction, and the trial court erred in determining that the language of the prenuptial agreement was unambiguous. That error led to the erroneous entry of the orders determining the date the parties were legally separated and directing the sale of some of the marital assets.

*Appellate Disposition*

We reverse the trial court's order determining the date of legal separation and the trial court's sale order and direct the trial court to vacate those orders. Since the trial court did not accept any evidence at the hearing, because it determined the clause to be unambiguous, we

---

[2] It was suggested in the briefs and in oral argument before the trial court that the wife's attorney involved in drafting or negotiating the prenuptial agreement was a New York attorney. New York law provides a judicial proceeding for a legal separation of married parties. *See* § 200, N.Y. Dom. Rel. (2013) ("An action may be maintained by a husband or wife against the other party to the marriage to procure a *judgment separating* the parties from bed and board, forever, or for a limited time."). However, a separate clause of the prenuptial agreement made it clear that interpretation enforcement of the agreement was to be pursuant to Florida law.

remand the case so that the trial court may hear evidence as to the meaning of the clause.

*Reversed and remanded.*

WARNER and MAY, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***