DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JULIE WOHLBERG,**
Appellant,

v.

**MICHAEL CONNER,**
Appellee.

No. 4D17-390

[January 10, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 2014DR008086SBY.

Harvey J. Sepler and Jeffrey DeSousa of Harvey J. Sepler, P.A., Hollywood, for appellant.

Robin Bresky and Daniel S. Weinger of Law Offices of Robin Bresky, Boca Raton, for appellee.

GERBER, C.J.

The former wife appeals from the circuit court's order granting the former husband's motion to enforce the parties' marital settlement agreement ("MSA"). The court found that a provision in the MSA unambiguously required the parties' initial 70/30 timesharing schedule in the former wife's favor be modified to equal timesharing, because the former husband continuously and timely exercised his timesharing for six consecutive months before he filed his motion. According to the former wife, the MSA was ambiguous as to whether the provision applied to the first six months after the dissolution judgment's entry, or to any six consecutive months after the dissolution judgment's entry. We agree with the former wife that the MSA's provision was ambiguous. Therefore, we reverse the order on appeal, and remand for the circuit court to consider the parties' extrinsic evidence as to which six consecutive months the MSA provision was to be applied.

## *Procedural History*

As stated above, the MSA contained an initial 70/30 timesharing schedule in the former wife's favor. However, the MSA contained the following condition: "If the [former husband] continuously and timely exercises timesharing with the minor child for a period of 6 consecutive months, the parties shall exercise equal timesharing." The circuit court entered a final judgment of dissolution incorporating the MSA.

Approximately three months after the dissolution judgment's entry, the former wife filed a petition requesting that the circuit court find the former husband failed to satisfy the condition which would result in equal timesharing. According to the former wife, the former husband failed to comply with the 70/30 timesharing schedule "continuously and timely" in the first three months after the dissolution judgment's entry.

The former husband moved to dismiss the former wife's petition, arguing that the petition was premature because six months had not passed since the dissolution judgment's entry. The former husband's response did not argue that the six month period did not apply to only the first six months immediately after the dissolution judgment's entry.

The circuit court dismissed the former wife's petition without prejudice.

Over a year later, the former husband filed a motion to enforce the MSA's condition which would result in equal timesharing. In the motion, the former husband alleged that he "continuously and timely" exercised 70/30 timesharing for the prior six consecutive months. The former husband admitted in the motion that during the first six months immediately after the dissolution judgment's entry, he "occasionally had to reschedule timesharing due to work and family obligations . . . ."

At a hearing on the former husband's motion, the parties stipulated that the former husband "continuous and timely" exercised 70/30 timesharing for the six consecutive months immediately before the former husband's motion. However, the former wife argued that the six consecutive months stated in the MSA referred to the period immediately after the dissolution judgment's entry, during which the former husband did not "continuous and timely" exercise 70/30 timesharing. The former wife argued, in the alternative, that the MSA was ambiguous as to which six consecutive months the MSA was to be applied.

After the hearing, the circuit court entered a written order granting the former husband's motion. The court first found no ambiguity in the MSA's

2

provision that "[i]f the [former husband] continuously and timely exercises timesharing with the minor child for a period of six (6) consecutive months, the parties shall exercise equal timesharing."  The court then found that the former husband "continuous and timely" exercised 70/30 timesharing for the six consecutive months immediately before the former husband's motion.  As a result, the court concluded, the former husband was immediately entitled to equal timesharing.

This appeal followed.  The former wife primarily argues that the MSA was ambiguous as to whether the provision at issue applied to the first six months immediately after the dissolution judgment's entry, or to any six consecutive months after the dissolution judgment's entry.  Thus, the former wife argues, the circuit court should have considered extrinsic evidence of the parties' intent on this issue which, she alleges, was to limit the provision's application to the first six months immediately after the dissolution judgment's entry.

### *Our Review*

Our review is de novo.  *See Feliciano v. Munoz-Feliciano*, 190 So. 3d 232, 233-34 (Fla. 4th DCA 2016) ("The interpretation of the wording and meaning of [a] marital settlement agreement, as incorporated into the final judgment, is subject to de novo review.  A marital settlement agreement is interpreted like any other contract.")  (citations and quotation marks omitted).

We agree with the former wife's argument.  The MSA's provision that "[i]f the [former husband] continuously and timely exercises timesharing with the minor child for a period of six (6) consecutive months, the parties shall exercise equal timesharing," is ambiguous.  The MSA nowhere indicates whether "a period of 6 consecutive months" began immediately after the dissolution judgment's entry, or could apply to any six consecutive months after the dissolution judgment's entry.  *Cf. Crespo v. Crespo*, 28 So. 3d 125, 128 (Fla. 4th DCA 2010) ("The MSA failed to specify a time for payment and was thus ambiguous as to the intent of the parties in that regard.").

Therefore, a hearing to consider extrinsic evidence of the parties' intent is required.  *See White v. White*, 141 So. 3d 645, 646 (Fla. 4th DCA 2014) ("[W]hen a term in a marital settlement agreement is ambiguous or unclear . . . the trial court may consider extrinsic evidence as well as the parties' interpretation of the contract to explain or clarify the language.") (citation and quotation marks omitted).

At the evidentiary hearing to occur on remand, the circuit court also must interpret the MSA in accordance with the child's best interests at the time of the court's determination, something which the court did not do upon its initial consideration of the motion at issue. *See Kirsch v. Kirsch*, 933 So. 2d 623, 626 (Fla. 4th DCA 2006) ("It is fundamental that the court may not remake an agreement between the parties, and if there is any ambiguity, the agreement will be interpreted in accordance with the best interest of the child concerned.") (alteration and citations omitted); § 61.13(3), Fla. Stat. (2016) ("For purposes of . . . modifying a parenting plan, including a time-sharing schedule, which governs each parent's relationship with his or her minor child and the relationship between each parent with regard to his or her minor child, the best interest of the child shall be the primary consideration.").

*Reversed and remanded for proceedings consistent with this opinion.*

LEVINE, J., and SINGHAL, RAAG, Associate Judge, concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***