# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1150
Lower Tribunal No. 18-600-K
_____

**Denie Ray Kiger,**
Appellant,

vs.

**Jessica Lindsay Kiger,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Joyce Law, P.A., and Richard F. Joyce; Law Offices of Samuel J. Kaufman, P.A., and Samuel J. Kaufman, for appellant.

Hoffman, Larin & Agnetti, P.A., and Daniel H. Kent and Martin L. Hoffman, for appellee.

Before FERNANDEZ, C.J., and SCALES and BOKOR, JJ.

PER CURIAM.

Denie Ray Kiger (Former Husband) appeals the trial court's April 14, 2021 order dismissing his petition seeking to modify his parenting plan and to relocate his minor child from Key West, Florida, to Albuquerque, New Mexico. Jessica Lindsay Kiger (Former Wife) moved to dismiss Former Husband's petition.[1] The trial court granted Former Wife's motion to dismiss, in pertinent part, on the ground that the parties' parenting plan plainly and expressly requires mediation as a condition precedent to seeking court intervention of a substantial dispute between the parties. The record discloses that no mediation occurred prior to Former Husband's filing of the subject petition.

The parties' marital settlement agreement, which contains the parenting plan as an exhibit, is a contract subject to interpretation like any contract. Ferguson v. Ferguson, 54 So. 3d 553, 556 (Fla. 3d DCA 2011). Here, the provision at issue unambiguously requires mediation prior to litigation. See Levitt v. Levitt, 699 So. 2d 755, 756-57 (Fla. 4th DCA 1997) ("Where the terms of a marital settlement agreement are clear and unambiguous, the parties' intent must be gleaned from the four corners of the document.").[2]

---

[1] Former Husband also filed an "Urgent Motion to Permit Temporary Relocation with Minor Child" which mirrored his petition.

Affirmed.

---

[2] Former Husband argues that there is an "emergency" exception to the parenting plan's mediation requirement, and that the trial court erred by not determining whether Former Husband's employment relocation constituted such an emergency. We are unable to review this issue because we have no transcript of the April 8, 2021 hearing on Former Wife's motion to dismiss the petition. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979).