DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MATTHEW JAMES FENDRICH,**
Appellant,

v.

**MARY MURPHY** a/k/a **MARY FENDRICH,**
Appellee.

No. 4D21-3324

[January 18, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Renatha S. Francis, Judge; L.T. Case No. 502001DR001252XXXXM.

Nicole Nicolette Mace and Curt Sanchez of The Law Offices of Curt Sanchez, P.A., West Palm Beach, for appellant.

John F. Schutz of John F. Schutz, P.L., Palm Beach Gardens, for appellee.

MAY, J.

The former husband appeals an enforcement order. He argues the trial court erred in failing to admit parol evidence on a latent ambiguity in the marital settlement agreement and in other findings and conclusions reached in the order. We agree with him in part and reverse.

The final dissolution judgment was entered in 2001. The judgment incorporated the parties' marital settlement agreement ("MSA"), which the court orally entered into the record. The parties' two children were three and one at that time.

Section V of the final judgment, entitled "Child Support," contained paragraph 6, "Other provisions relating to child support." It stated:

> Each party shall pay one half of all of the college expenses of each child. The child support shall be reviewed and readjusted if necessary when the rehabilitative alimony ceases commensurate with the income of the parties at that time.

The former wife moved for civil contempt/enforcement and filed an amended motion alleging the former husband refused to pay one half of the children's college expenses. The former wife asserted the former husband had willfully failed to comply with the parties' final judgment.

The former husband filed requests for admissions and production, but the former wife objected to all discovery requests. The trial court ordered the former wife to produce receipts for the college expenses paid. She was not required to produce the payments' source nor the date the expenses were paid.

The former husband filed a response and memorandum in opposition to the former wife's amended motion. He argued the term "college expenses" was latently ambiguous, and parol evidence should have been admitted to determine the parties' intent.

He also asserted a laches defense, contending the former wife unreasonably delayed in advising him of her intent to collect one half of the "college expenses" incurred to date.

At the evidentiary hearing, the trial court did not admit parol evidence. The court entered an enforcement order and found:

- The MSA is not ambiguous.

- The final judgment should be construed as having no limitation on incurred expenses and no restrictions on where the children attended college.

- The laches defense was unavailable because the former wife filed for enforcement within the statutory period.

The court entered a money judgment against the former husband for $127,755.50, although the former wife testified the former husband owed her $125,583.00. The court denied the former husband's motion for reconsideration without a hearing. The former husband now appeals.

We review orders interpreting marital settlement agreements de novo. *White v. White*, 141 So. 3d 645, 646 (Fla. 4th DCA 2014).

"A marital settlement agreement is a contract 'subject to interpretation like any other contract.'" *Elbaum v. Elbaum*, 141 So. 3d 658, 661 (Fla. 4th DCA 2014) (quoting *Ballantyne v. Ballantyne*, 666 So. 2d 957, 958 (Fla.

2

1st DCA 1996)).  We give terms contained in such agreements their plain meaning and do not disturb them unless those terms are ambiguous, or otherwise need interpretation, clarification, or modification.  *Ballantyne*, 666 So. 2d at 958.

Therefore, a party seeking to introduce parol evidence must first establish a contract term is ambiguous.  *Levitt v. Levitt*, 699 So. 2d 755, 756–57 (Fla. 4th DCA 1997).  A term is ambiguous when it is "rationally susceptible to more than one construction."  *Elias v. Elias*, 152 So. 3d 749, 752 (Fla. 4th DCA 2014).   Our goal is to reach a reasonable explanation of the entire contract to achieve its stated purpose and meaning.  *Id.* at 752.

A latent ambiguity exists where a contract's language is understandable but fails to specify the parties' rights or duties.  *Clayton v. Poggendorf*, 237 So. 3d 1041, 1047 (Fla. 4th DCA 2018).  A trial court "must hear parol evidence" to properly interpret the writing when a contract contains a latent ambiguity.  *Riera v. Riera*, 86 So. 3d 1163, 1166 (Fla. 3d DCA 2012) (quoting *Mac-Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC*, 915 So. 2d 657, 699 (Fla. 2d DCA 2005)).

In *Riera*, the Third District found a latent ambiguity in the following language:

> [T]he parties shall pay equally for the cost of the minor child's college tuition, books, supplies and any and all other related expenses.  The parties will purchase the Florida four (4) years Pre-paid College Program the cost of the program shall be equally paid for by both parties.

*Id.* at 1165.  The court reasoned:

> The MSA specifically lists tuition, books, supplies, but does not list room and board as a covered expense. . . .  It thus becomes paramount to determine whether "any and all related expenses" refers to expenses related to tuition, books, and supplies, or whether it refers to all related expenses associated with attending college.  For example, does it include travel expenses, insurance, spending money, etc.?

*Id.* at 1167.

Here, the disputed provision in the parties' marital settlement agreement is less specific than the provision in *Riera*.  The final judgment

uses the words "all college expenses," but fails to define what that includes.

Like *Riera*, the parties here were briefly married and divorced when the children were toddlers. The marital settlement agreement failed to define "college expenses," provided no limitations on attendance duration, school choice, or either parent's consent or ability to pay. The agreement did not address how expenses were to be paid, did not provide a remedy if a party was unable to pay, or what happened if a third party paid on a parent's behalf.

As *Riera* noted:

> [The] MSA also does not address how long the parties must pay for their son's college expenses or provide for any modification based on an ability to pay or any disparity in the resources of the parties. None of these occurrences were anticipated or included in the MSA, thus creating an insufficiency, or **latent ambiguity**, which can only be resolved in the introduction of parol evidence regarding the intent of the parties.

*Id.* at 1167 (emphasis added).

We arrive at the same conclusion as the Third District in *Riera*. The marital settlement agreement at issue suffers from the same deficiency. We therefore reverse and remand the case for further proceedings and the consideration of parol evidence to determine what the parties intended by using "all college expenses."

Next, the former husband argues the trial court erred in failing to consider his ability to pay before entering the monetary judgment. He relies on *Carlton v. Carlton*, 670 So. 2d 1129, 1130 (Fla. 2d DCA 1996). There, the Second District addressed a trial court's refusal to consider the father's ability to pay in its reasonableness determination for "all of the college expenses." *Carlton*, 670 So. 2d at 1130.

The Second District held a party's ability to pay should be considered when determining reasonableness where a parent has no real input concerning the choice of school. *Id.* The court remanded the case for further proceedings. *Id.* We have also held that a party's ability to pay should be considered in making a reasonableness determination regarding school expenses. *See Reynolds v. Diamond*, 605 So. 2d 525, 527 (Fla. 4th DCA 1992).

4

Here, the trial court determined the expenses were reasonable but did not address the parties' ability to pay.  The trial court erred in overlooking the former husband's ability to pay when determining the reasonableness of the expenses to be assessed against him.

The former husband also argues the expenses listed in paragraph 12 of the enforcement order were not based on competent substantial evidence.  He contends the trial court incorrectly took those figures from the former wife's proposed order, but those figures conflict with the former wife's trial testimony and record evidence.  He argues the trial court made multiple errors in categorizing and totaling the expenses and these errors require reversal.

The former wife responds the trial court gave both parties the opportunity to produce evidence and testify as to incurred expenses.  She suggests the trial court simply decided to accept the former wife's testimony.

A trial court's factual findings must be supported by competent substantial evidence.  *Prieto v. Smook*, 97 So. 3d 916, 917 (Fla. 4th DCA 2012).  Appellate courts have consistently reversed orders based on miscalculations.  *See, e.g.*, *French v. French*, 12 So. 3d 278, 279–280 (Fla. 5th DCA 2009) (remanding for trial court to correct miscalculation related to monthly spousal expenses); *Vitro v. Vitro*, 122 So. 3d 382, 387 (Fla. 4th DCA 2012) ("[W]here the record does not support the trial court's findings regarding the amount of alimony awarded, the appellate court will reverse that award.") (citation and internal quotation marks omitted).

Here, there are inconsistencies between the trial court's enforcement order and the record.  For example, the trial court's enforcement order states the former wife testified the total incurred expenses for one of the children was $178,224.00.  The former wife testified however that the incurred expenses totaled $151,621.00.

Further, the former wife provided no receipts associated with that child's participation in a study abroad program.  The trial court also determined the former husband owed the former wife $127,755.50 although the former wife testified the amount owed was $125,583.00.

The trial court's enforcement order contains other similar amounts unsupported by the former wife's testimony.  Because the enforcement

order is not supported by competent substantial evidence, we reverse and remand the case for further proceedings consistent with this opinion.[1]

*Reversed and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We find no merit in the former husband's laches defense and affirm on that issue without further discussion.